STATE *versus* SAMUEL B. BROWN.

*Scire facias* can issue from no Court but the one having possession of the record upon which it is issued.

It may properly be made returnable to a term of the Court holden for the transaction of criminal business.

A *recognizance* should recite the cause of caption.

A writ of *scire facias* on a recognizance, referring to no charge against the defendant, and containing no reference to any charge against him in any complaint or indictment, is bad, and insufficient to authorize proceeding to trial.

A recognizance, conditioned that the defendant should appear in Court from *day to day during the term*, does not furnish a foundation for a writ of *scire facias*.

A party cannot be required to come into Court actually in session, to answer "such matters and things as shall be objected against him," without any specific charge being alleged or set forth.

ON DEMURRER from *Nisi Prius*, APPLETON, J., presiding. This was *Scire Facias* on a recognizance.

The defendant moved to quash the writ, on the grounds stated in the opinion of the Court. The motion was overruled, reserving the legal rights of the defendant. Thereupon a demurrer was filed, and a joinder on demurrer. If the motion and demurrer be overruled, the cause is to stand for trial.

*John Burnham*, for the State.

*Blake* and *Waterhouse*, for defendant, contended: —

1. The R. S., c. 171, § 30, provides that processes of this kind shall not abate, if among other things, it appear "that from the description of the offence charged, the magistrate was authorized to require and take the recognizance;" in effect requiring the offence charged to be described. Here there is no such description of the offence; hence the recognizance, and proceedings based upon it, are of no effect. *State* v. *Hartwell*, 35 Maine, 129; *Libby* v. *Main & al.*, 2 Fairf. 344. *State* v. *Smith*, 2 Greenl. 62, is an authority to the same point.

2. The writ should have been returnable at the civil term

State *v.* Brown.

of the Court. Chapter 246, § 16, of Acts of 1852, confers upon the Court at which this is returnable, only jurisdiction over "all the *criminal* business thereof;" i. e., of Penobscot county.

TENNEY, C. J.—This is a writ of *scire facias*, brought before a term of the Court held for the transaction of criminal business, setting out that the defendant appeared before the Justices of our Supreme Judicial Court, holden at Bangor, in and for the said county of Penobscot, on the first Tuesday of June, A. D. 1854, and acknowledged himself to be indebted to the State in the sum of two hundred dollars, to be levied on his goods and chattels, lands or tenements, and in want thereof, upon his body, to the use of the State, if the defendant did not personally appear before said Court from day to day, during said term, to answer to all such matters and things, as should be objected against him, on behalf of said State; and the writ then alleges a default of the defendant upon his not answering upon a solemn call to come into Court at said term, as appears by the record.

The defendant filed a general demurrer, which was joined on the part of the State. Two grounds are relied upon in support of the demurrer. First, that the action of *scire facias* should have been made returnable to a term of the Court holden for the trial of civil business. Second, that the declaration presents no legal cause for taking the recognizance.

1. It is well settled that *scire facias* can issue from no Court, but one in possession of the record upon which it issues. *Commonwealth* v. *Dawney,* 9 Mass. 520. It was proper that the writ should be returnable to a term of the Court holden for the transaction of criminal business.

2. It is a general principle that a recognizance should recite the cause of the caption. 9 Mass., before cited; *Harrington* v. *Brown,* 7 Pick. 232; *Wingate, in error,* v. *Commonwealth,* 5 Cush. 446; *State* v. *Smith,* 2 Greenl. 62; *Libbey* v. *Main & al.,* 2 Fairf. 344. The writ refers to no

charge against the defendant whatever, and contains no reference to any charge in any complaint or indictment. This defect in the writ must be regarded as fatal and is insufficient to authorize the proceeding to trial. It is not perceived that the recognizance described in the writ, being that the defendant should appear in Court *from day to day during the term*, is a foundation for a legal distinction. A party cannot be required to come into Court, actually in session, to answer to such matters and things as shall be objected against him, without any other charge being mentioned, more than to come into Court at a future term.    *Declaration adjudged bad.*

APPLETON, J., concurred.—RICE, J., concurred in the result.