## CARNES v. CRANDALL.

A *scire facias* is the proper mode of proceeding to revive a judgment, and must be brought in the county where the judgment was obtained.

Where a party seeks to revive a judgment against the administrator of a deceased party, and to make the heir of such deceased person, a party to the proceedings, so as to obtain execution against the real estate of the defendant in the judgment, it is not necessary that the proceedings should be separate.

Section 1367 of the Code, in relation to unsatisfied judgments rendered prior to the death of the decedent, does not apply to cases where a judgment plaintiff is seeking to subject real estate to the satisfaction of his judgment. It applies only, where the party is seeking satisfaction from the personalty.

Where judgment was obtained against C., on the 3d day of September, 1851, in the District Court of Marion county; and where, on the 29th day of November, 1851, a transcript of this judgment was filed in the office of the clerk of the District Court in Mahaska, the said C. being at the time the owner of certain real estate, situate in that county; and where the said C. died subsequent to the rendition of the judgment, and the filing of the transcript in Mahaska county; and where the plaintiff in the judgment, on the 11th day of April, 1856, filed his petition on the chancery side of the District Court of Mahaska county, against the administrator and heir at law of the said C., praying that a decree may be rendered, declaring said judgment a lien upon the land situate in Mahaska county; that the judgment may be revived; and that the land may be sold; and where the petition was demurred to on the following grounds: 1. That the plaintiff had a full and adequate remedy at law. 2. That a dormant judgment at law cannot be revived in chancery. 3. That the claim is cognizable only in the county court. 4. That the claim was barred by section 1373 of the Code, which demurrer was sustained by the court; *Held*, 1. That the claim was not barred by section 1373 of the Code. 2. That the demurrer was properly sustained.

### *Appeal from the Mahaska District Court.*

THE petition represents that on the 3d day of September, 1851, in the District Court in Marion county, the petitioner recovered a judgment against Anson Crandall, then living; and that on the 29th November, 1851, a transcript of this judgment was filed in the office of the clerk of the District Court in Mahaska county; that after this, said Anson Crandall deceased; that at the time of the rendition of the above judgment, said Crandall owned certain real estate in Mahaska

county, which is described; and that no part of the judgment has been paid.

The petition farther alleges that there was no property (save the real property) belonging to the estate of said Crandall, except such as was exempt from the payment of debts against the said estate ; that Mary Crandall, the widow of deceased, has been appointed administrator; that the deceased left only one child—that is, the said Eveline—who is his sole heir at law. The petitioner alleges that the county judge has authorized the prosecution of this suit. He makes both the administrator and heir parties, and prays that a decree may be rendered, declaring said judgment a lien upon the land described, situate in Mahaska county ; that the judgment be revived; and that so much of the lands be ordered to be sold as will pay the judgment, interest and costs, and for general relief. To this petition the respondent demurred for various causes—as that it is a petition in chancery addressed to a court of law ; that the petitioner has a full remedy at law; that the claim is barred by section 1373 of the Code; and that the claim had not been filed in probate office. The demurrer was sustained, and the bill dismissed, at the costs of the complainant, from which decision he appeals.

*W. H. & Jas. A. Seevers*, for the appellant.

*Crookham & Fisher*, for the appellee.

WOODWARD, J.—It is not necessary to enter into a detailed consideration of the questions raised on the pleadings, by the arguments of counsel.

The petitioner appears to have misconceived, in some measure, either the remedy which he wants, or the means of obtaining it. He does not need a decree in equity to make his judgment a lien on the land in Mahaska county. It is so already, by virtue of the law and the filing of the transcript. He wants, first, to revive his judgment against the administrator, so as to make her a party, and so as to be able to issue execution.

Carnes v. Crandall.

For this purpose, a *scire facias* is the method pointed out by law. This is regulated in some small degree, by chapter 124, page 300, of the Code. It would be difficult, at least, to bring this petition within the idea of a *scire facias*. But we do not stop to discuss this point. Another difficulty presenting itself is, that a *scire facias* must be brought in the county where the original judgment was obtained—that is, where the record is; and the plaintiff seeks to make the administrator a party to that judgment.

The petitioner farther wants to make the heir a party to the proceeding, in some manner, so as to obtain execution against the real estate. In this respect the plaintiff is sufficiently correct; but this will not relieve him of the necessity of reviving his judgment against the administrator in the county where the record exists. It does not follow, however, that these objects would require separate proceedings, or that they may not be united in one in that county, where one of them must necessarily be; or that the court may not order the subjection of the lands in the same process.

The leading error in the case is, that one of the objects sought, requires to be pursued in Marion county, where the original record remains.

On subjecting the real estate, see *Postlewait et al.* v. *Howes*, 3 Iowa, 365. The claim is not barred by Code, section 1373. If that section would, taken alone, bar it, the section is answered or explained by section 1362.

Section 1367, as to filing this as an unsatisfied claim, would apply, if the petitioner were seeking its satisfaction out of the personalty. But he alleges that there is no personal property liable, and he is aiming to revive it against the administrator, and to reach the real property.

The decree of the District Court is affirmed.