Carnes v. Crandall. Administratrix.

| 10 | 377 |
| 110 | 690 |

## CARNES v. CRANDALL, Administratrix.

1. EVIDENCE OF DEATH. When in a proceeding to revive a judgment against the administratrix of the defendant, it was alleged as a defense that defendant was dead at the time judgment was rendered, and that it was therefore void; it was held that the allegation should be supported by original or primary evidence, and that hearsay evidence consisting of statements made by persons who were not members of decedent's family, or who were not related to him, were not admissible.

2. REVIVOR. A judgment against a decedent may be revived against the administrator, either by a proceeding in the form of an ordinary action, or by scire facias.

*Appeal from Marion District Court.*

SATURDAY, APRIL 14.

AT the September term, 1851, of the District Court of Marion county, John Carnes recovered a judgment against Anson Crandall. On the 22d March, 1852, the defendant was duly appointed and qualified as the administratrix of the estate of Crandall, whose death was then suggested to the court. On the 1st day of August, 1857, this proceeding to revive said judgment was instituted. The defendant answered, alleging that at the time said judgment was render-

ed, Crandall was dead, and that it was therefore void.   On the trial the following testimony was offered :

*Isaac D. Baird* testified, that Crandall went to California in 1850; that he knew him there up to April, 1851; that his health was very precarious; that at that time he was living with a man named Johnson; and that Johnson had afterwards told him that Crandall died on the North Fork of the American River, in June or July, 1851.   He testified further that Johnson's statement had been corroborated by all of Crandall's friends in California, with whom he had talked, and that it was generally believed that he died at the place, and at the time, above mentioned.

*John D. Matthews* also testified, that he went to California in 1852, and he was there told by a man whose name was unknown to him, that Crandall died in the spring of 1851, and that he [the informant] had assisted in burying him ; that he made inquiry in regard to Crandall of other persons ; that it was generally believed that he died at the time and place above mentioned.

*John A. Crookham* testified, that he made diligent inquiries in regard to the death of Crandall, that these inquiries had been addressed to his friends, neighbors, and the members of his family, and that the uniform answer and belief was that he died in California in the spring of 1851.

The court rejected this evidence as hearsay, and found that the death of Crandall prior to the recovery of the judgment was not sufficiently shown, and ordered that the same stand revived.   The defendant appeals:

*Crookham & Fisher* for the appellant.

*Seevers, Williams & Seevers,* to the point determined by the opinion of the court, cited 1 Greenl. Ev. section 103, note 1; 2 Ib. section 278; *Chapman* v. *Chapman,* 2 Conn. 349.

Lowe, C. J.—This cause is now for the second time before this court for the correction of errors.[1]   The determination

1.   1 Iowa 151.

Carnes v. Crandall, Administratrix.

of the questions raised and settled in the previous examination of it, is affirmed, and they will not again be noticed although some of them are again presented.

The hearsay evidence relied upon to show that Anson Crandall was dead at the time the judgment, now sought to be revived, was rendered against him, in September 1857, was in our judgment properly adjudged to be incompetent and insufficient to establish that fact. It was not brought within the rule for the admission of that description of testimony. The information set out in the testimony, did not emanate from the family or connections of the deceased, but from strangers who were not only competent, but whose testimony could have readily been obtained. For the purposes of the defense the point of time when Anson Crandall died was a material and incidental fact, and should have been proved by original or primary evidence, because the rights of the parties at this late day, might be materially changed, if the death of Crandall in fact occurred previous to the rendition of the judgment against him. The proof, however, failing to establish that fact, it is not now important to speculate upon the consequences that would have followed from such a contingency.

There being then no sufficient showing that the death of Crandall occurred anterior to the rendition of the judgment against him, it follows that the most of the other points raised fall to the ground. The supposed statutory limitation against the allowance of the claim is sufficiently answered by the court in its previous adjudication of the cause.

There is much confusion and vagueness in the record of this cause. It is competent for the party to revive a judgment against an executor or executrix by a petition in an ordinary proceeding, or by *scire facias*. The former course was pursued in this case, yet a writ of *scire facias* is also found in the record, to which both the demurrer and answer of the defendant seems to apply, and although the plaintiff disclaims that it is any part of his pleadings. The bills of exceptions are also uncertain and blindly prepared, so that a

number of errors complained of in this case are matters of inference. We do not deem it necessary to repeat what this court has frequently decided, that the error to be considered must appear affirmatively on the record. Nor will we consider points raised by demurrers which have been raised by answers or replications.

Judgment affirmed.