## HUNT *v.* UNITED STATES.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 230. Submitted March 25, 1897. — Decided April 12, 1897.

A writ of *scire facias* upon a recognizance to answer to a charge of crime in a District Court of the United States is a " case arising under the criminal laws of the United States," in which the judgment of the Circuit Court of Appeals is made final by the act of March 3, 1891, c. 517, § 6.

THE case is stated in the opinion.

*Mr. Hugh C. Ward* for plaintiffs in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a writ of *scire facias* from the District Court of the United States for the Western District of Missouri against Millard C. Curtis, Robert H. Hunt and Hugh C. Ward, upon a forfeited recognizance in the sum of $3000, entered into by Curtis as principal and Hunt and Ward as sureties, the condition of which was that Curtis should appear at the next term of that court to answer a charge of embezzling moneys of a national banking association, in violation of section 5209 of the Revised Statutes, and should abide the judgment of the court, and not depart without its leave. The recognizance was taken before the clerk of the court, under written authority of the judge, while the court was not in session.

An answer to the writ of *scire facias* was filed by Hunt and Ward, and a demurrer and a replication to the answer by the United States. A jury was waived in writing, and the case tried by the court, which gave judgment for the United States. The case was taken by writ of error to the Circuit Court of Appeals, which affirmed the judgment, and denied a

petition for a rehearing. 19 U. S. App. 683; 27 U. S. App. 287. The defendants thereupon sued out this writ of error.

They contended that the recognizance was void, because taken before the clerk, and not before the judge; and that the only authority for taking a recognizance to answer for an offence against the laws of the United States was under section 1014 of the Revised Statutes, which provides that, "for any crime or offence against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of a circuit court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any State where he may be found, and agreeably to the usual mode of process against offenders in such State, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offence."

But the first question presented by the record is whether this court has jurisdiction of this writ of error. The United States contend that the case is one "arising under the criminal laws," of which the jurisdiction of the Circuit Court of Appeals is made final by the act of March 3, 1891, c. 517, § 6. 26 Stat. 828. The plaintiffs in error, on the other hand, contend that the writ of *scire facias* upon a recognizance is a civil action, and therefore not a case arising under the criminal laws.

How far a writ of *scire facias* upon a recognizance to answer for an offence should be considered a civil action is a question upon which there has been some diversity of judicial opinion, depending in some degree upon the manner in which the question has arisen, and upon the comparative regard to be paid to the form of the proceedings, and to the purpose for which and the circumstances under which such a recognizance is taken.

In the earlier judiciary acts of the United States, the general jurisdiction of the courts of the United States, as depending upon the suit being of a criminal or of a civil nature, was usually defined by the words "any cause, civil

or criminal"; Rev. Stat. § 637; or "any civil suit or criminal prosecution"; Rev. Stat. §§ 641, 643; or, on the one hand, by the words, "crimes and offences"; and, on the other hand, by the words "suits of a civil nature, at common law or in equity," or "suits at common law," or "civil actions." Act of September 24, 1789, c. 20, §§ 9, 11, 22; 1 Stat. 76–79, 84; act of March 3, 1875, c. 137, §§ 1, 2; 18 Stat. 470; Rev. Stat. § 563, cls. 1, 4; § 629, cls. 1, 3, 20; § 633.

Under those acts, a writ of *scire facias* upon a recognizance to answer a criminal charge might have been deemed a civil action. *Stearns* v. *Barrett*, 1 Mason, 153; *United States* v. *Payne*, 147 U. S. 687, 690; *Commonwealth* v. *M'Neill*, 19 Pick. 127; *Commonwealth* v. *Stebbins*, 4 Gray, 25; *State* v. *Kinne*, 41 N. H. 238. Yet see *Respublica* v. *Cobbet*, 3 Dall. 467; *S. C.* 2 Yeates, 352; *Commonwealth* v. *Philadelphia Commissioners*, 8 S. & R. 151; *State* v. *Cornig*, 42 La. Ann. 416; *State* v. *Murmann*, 124 Missouri, 502, 507.

But the phraseology of the act of March 3, 1891, c. 517, is quite different in this respect. After providing, in section 5, that writs of error may be taken from the District Courts or from the existing Circuit Courts directly to this court "in cases of conviction of a capital or otherwise infamous crime," (since restricted by the act of January 20, 1897, c. 18, to convictions of capital crimes only,) it provides, in section 6, that in all cases, other than those provided for in section 5, the Circuit Courts of Appeals shall have appellate jurisdiction, and that their judgments shall be final "in all cases arising" "under the criminal laws." 26 Stat. 828.

A writ of *scire facias* upon a recognizance to answer to a charge of crime, even if it be, technically considered, a civil action, and only incidental and collateral to the criminal prosecution, is certainly a case arising under the criminal laws; for it is a suit to enforce the penalty of a recognizance taken to secure the appearance of the principal to answer the charge and to abide any sentence against him; the provision of section 1014 of the Revised Statutes, under which the recognizance in suit was taken, is contained in chapter 18 of Title 13 of the Revised Statutes, under the

head of " Criminal Procedure," and in the first of the sections regulating arrest, bail, indictments, pleadings, commitments, challenges, witnesses, trial, verdict, sentence and execution, in criminal cases; and this recognizance is, as it is described in section 1020, a " recognizance in a criminal cause."

> *Writ of error dismissed for want of jurisdiction.*