### KIRK v. UNITED STATES et al.

(Circuit Court, N. D. New York. June 21, 1904.)

**1. FEDERAL COURTS—BAIL—SCIRE FACIAS—JURISDICTION.**

Under Rev. St. U. S. § 716 [U. S. Comp. St. 1901, p. 580], providing that the Supreme, Circuit, and District Courts shall have power to issue writs of scire facias agreeable to the usages and principles of law, the District Court has jurisdiction to issue such writ to enforce a forfeited recognizance or bail bond.

**2. SAME—PRACTICE.**

Since the federal statutes do not expressly indicate the practice to be followed on scire facias on a forfeited recognizance or bail bond, resort must be had to the procedure which obtained at common law.

**3. SAME—EXECUTION.**

Where scire facias is issued against bail, an execution cannot be awarded against the defendant who has not been personally served with process until there have been two returns of nihil to the writ.

**4. SAME.**

Scire facias on a forfeited recognizance being in the nature of an original action, unless the surety has voluntarily submitted himself to the jurisdiction of the court out of which the writ issued, he must be personally served in the district of the court issuing the writ.

**5. SAME—SUCCESSIVE RETURNS OF NIHIL.**

In scire facias on a forfeited recognizance two returns nihil on successive writs are equivalent to personal service on the defendant only where the defendant in scire facias is domiciled or found within the jurisdiction of the court where the writ issues.

**6. SAME—BREACH OF BOND—BAIL TO APPEAR.**

A bail bond bound the principal to appear at a certain term of court to be held on a date specified, and from day to day and from term to term to which the case should be continued, and then and there to answer such matters as should be objected against him, and to abide and perform the orders of the court, and not to depart without leave. An indictment having been returned at such term, to which defendant pleaded not guilty, the case was set for trial on March 17, 1902, defendant however being informed that another indictment would probably be returned against him. Such indictment having been presented, defendant was directed to appear to answer the same on March 6th, and, failing to appear, his recognizance was duly forfeited on the succeeding day, and, he again failing to appear on March 17th, the former forfeiture was confirmed. *Held*

¶ 3. See Bail, vol. 5, Cent. Dig. §§ 376, 416.

that, all of such dates being within the same term, it was the duty of defendant's surety to produce him, as ordered by the court, on March 6th, notwithstanding a later date had been fixed for the trial on the indictment first presented, and hence the confirmation of the forfeiture on March 17th was proper.

**7. SAME—JUDGMENT—ENTRY.**

A surety on a bail bond obligating the defendant to appear from day to day during a particular term and from term to term cannot object that a forfeiture of such recognizance was not entered on the precise day of the term when the principal was obliged to appear.

**8. SAME—ACTIONS AGAINST THE UNITED STATES.**

Since the United States cannot be sued by an individual except as permitted by the acts of Congress, a bill was not maintainable jointly against the United States and the United States marshal to restrain the seizure of complainant's property on a judgment in favor of the United States on a forfeited recognizance.

See 124 Fed. 324.

George B. Curtiss, U. S. Atty., and Taylor L. Arms, for the United States.

Kellogg & Rose, for defendant.

HAZEL, District Judge. This suit is for an injunction to restrain and enjoin the United States and C. D. McDougall, as United States marshal for the Northern District of New York, from seizing the property of the complainant pursuant to an execution in favor of the United States issued out of the United States District Court for the Eastern Division of the Southern District of Georgia. The writ of execution was dated January 12, 1903. It was issued in a scire facias proceeding instituted on March 17, 1902. It is essential to a complete understanding of the controversy that the salient facts be briefly stated. They are substantially as follows: On January 20, 1902, in New York City, the complainant became surety upon a recognizance for the appearance of one John F. Gaynor, who had been there arrested upon a warrant issued by United States Commissioner Shields, and who admitted the accused to bail to appear before the Georgia court in conformity to section 1014 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 716]. The information before the commissioner was based on an indictment by the grand jury of the Georgia district charging said Gaynor and others with the crime of conspiracy, in violation of section 5440 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3676]. Proceedings were had for the removal of the accused before a commissioner in the territorial district where the defendants were found. Pending the execution of the commissioner's order of removal, Gaynor made application for a writ of habeas corpus. This was denied by the Circuit Court for the Southern District of New York. An appeal to the Supreme Court of the United States resulted in affirming this decision. The recognizance which is the basis of this suit was filed in the office of the clerk for the Eastern Division, Southern District of Georgia, on January 22, 1902, and recites that Gaynor and others were charged with conspiracy to defraud the United States of large sums of money by devising a fraudulent scheme to present false accounts to an officer of the United States; that the prohibited offense was committed on January 1, 1897, within the Eastern Division of the

Southern District of Georgia; that an indictment had been found by a grand jury of said district against Gaynor; and, further, that probable cause existed for believing him guilty of the offense charged. It was stated in the recognizance that the accused had been held to answer by the commissioner in the district where the indictment was found. The condition of the recognizance was in the following words:

"Now, therefore, the condition of this recognizance is such that, if the said John F. Gaynor shall personally appear at the term of the District Court of the United States for the Eastern Division of the Southern District of Georgia, to be holden on the second Tuesday in February, 1902, and from day to day and from term to term should the case be continued, and then and there to answer to such matters and things as have or shall be objected against him, and to stand to, abide, and perform the orders of the court, and not depart the said court without leave, then this recognizance to be void; otherwise to remain in full force and virtue."

Other facts appearing may be stated chronologically. On February 11, 1902, Gaynor personally and by counsel appeared before the proper court having jurisdiction of the accused, and filed a plea in abatement to the indictment. A demurrer to the plea having been interposed by the government, the court, on February 17, 1902, sustained the same. Thereupon the defendant demurred to the indictment. Subsequently, on February 24th, the court overruled the demurrer as to counts 1 to 8, inclusive, and sustained it as to counts 9 and 10. The defendant Gaynor then entered a plea of not guilty to the indictment. During the discussion between the court and counsel regarding the time of trial, it was, in effect, stated by the court that in all probability another indictment against the accused persons would be found by the grand jury in attendance at that term of court, and therefore notice should be taken of such impending action. These observations by the court resulted in a general discussion between court and counsel on both sides touching notice to the defendant of any future action by the grand jury, and fixing the time of trial of the indictment to which the defendants had that day entered a plea of not guilty. Finally, March 17, 1902, a date in the same term, was named by the court for the trial upon this indictment, No. 322. On February 28th, at the same term, another indictment was presented to the court by the grand jury against Gaynor and others (No. 371), charging them with conspiracy to defraud the United States. Thereupon the defendants were directed by order duly entered and served on counsel for defendants to personally appear on March 6, 1902, to plead thereto. Such order in terms directed the attorneys for the defendants "to stand to, abide, and perform the orders of the court in the premises." The accused Gaynor did not appear on the date appointed. His counsel, however, were present in court. His surety was admonished to produce his principal, but he failed to do so. Counsel for defendants asserted their belief that Gaynor would appear on the following day, and accordingly moved a continuance, which was granted. On the next day the recognizance in question was estreated on account of Gaynor's default in appearing. It was accordingly decreed by the court that the United States recover judgment against Gaynor and his surety in the sum of $40,000, the amount of the forfeited recognizance, unless cause be shown at the succeeding term why such decree and judgment should not be made final. A writ of scire facias was di-

rected to issue to the marshal of the Southern District of Georgia and to the marshals of the United States for service upon Gaynor and Kirk, principal and surety, respectively. On March 17, 1902, the day set for the trial on the first indictment, as above mentioned, on account of Gaynor's absence from court, the surety being first called upon, as required by the rules and practice of the court, to produce his principal, the bond was again estreated, and the prior estreatment proceedings confirmed. The writ of scire facias was made returnable at the May term of court. Personal service thereof upon the surety was not made in the state of Georgia or within the territorial district of the court which directed its issuance, but the complainant was served on April 5, 1902, at the city of Syracuse, state of New York, which has been his continuous residence. An alias writ of scire facias was issued on July 17, 1902. The marshal for the Southern District of Georgia made return of "Not found" to both writs. No plea or answer was interposed to stay the final mandate of said court, and judgment was entered in favor of the United States. In accordance with section 986 [U. S. Comp. St. 1901, p. 708] an execution was issued to the marshals of the United States directing such officers to levy upon the property of the complainant wherever found. No attempt is here made to set forth the facts with as much detail or as comprehensively as they appear in the exhaustive opinion of Judge Ray granting an injunction pendente lite. For a full statement of such facts reference is directed to that decision, which may be found reported as Kirk v. United States (C. C.) 124 Fed. 324.

It will be noted from the practically undisputed facts that two writs of scire facias were issued against the complainant and his bail, and were returned nihil by the marshal of the district to which they were issued. The legal propositions involved are of much importance, as no strictly parallel and reported authority is found in the courts of the United States to guide their determination. It is contended by the complainant, among other things, that, as the surety was not found within the state of Georgia, he never having submitted himself to the jurisdiction of the court, and owning no property in that state, the sci. fa. could have no extraterritorial effect as a basis for a personal judgment; hence the writ of execution was without legal force and effect. This question will first be considered. That the court had jurisdiction to enforce a forfeited recognizance or bail bond by writ of scire facias or by action must be conceded. Insley v. United States, 150 U. S. 512, 14 Sup. Ct. 158, 37 L. Ed. 1163. See, also, section 716, Revised Statutes of the United States [U. S. Comp. St. 1901, p. 580]. Whether, admitting the power and jurisdiction of the court to enforce the judgment on scire facias, such proceeding bound the surety, who was neither personally served with process in the state where such steps were instituted nor domiciled therein, and who did not appear or submit himself to the jurisdiction of the court otherwise than by joining in the recognizance, is a point not free from difficulty. Scire facias proceedings in a civil case are in the nature of an original action to the extent of enabling the defendant to plead. U. S. v. Payne, 147 U. S. 692, 13 Sup. Ct. 442, 37 L. Ed. 332; Winder v. Caldwell, 14 How. 442, 14 L. Ed. 487. The writ in every case must apprise the defendants of the facts on which it is based, and the averments therein contained may be con-

troverted or avoided. Irregularities may be taken advantage of in the usual way, and a trial had upon the issues presented by the writ and the answer filed, as in an action. U. S. v. Winstead (D. C.) 12 Fed. 50; U. S. v. Van Fossen, 1 Dill. 406, Fed. Cas. No. 16,607; U. S. v. Mc-Glashen (C. C.) 66 Fed. 537; People v. Quigg, 59 N. Y. 83. The point that no tribunal has power or authority to extend its process beyond the boundary of its district for the purpose of bringing either a person or property within the scope of its jurisdiction is technically correct, and needs no citation of authorities. It may be doubted, however, whether this elementary principle of law has been violated by the procedure adopted in this sci. fa. proceeding. The writ which issued upon the forfeited recognizance is unquestionably a judicial writ, and founded on the record of the court. It must be issued out of the court wherein the recognizance was estreated. The federal statutes do not expressly indicate the practice by which the remedy may be enforced, and therefore resort must be had to the course of the common law to discover the method of procedure. U. S. v. Insley, 54 Fed. 221, 4 C. C. A. 296; Hunt v. U. S., 166 U. S. 424, 17 Sup. Ct. 609, 41 L. Ed. 1063. The statute declares the continuance of the remedy. It does not prescribe the form of process, nor limit the bounds of territorial jurisdiction to which it may be issued. The sci. fa. is a common-law writ, and not a statutory remedy to obtain a personal judgment, and based upon the particular proceeding to which it is applicable. At common law a recognizance possesses some of the qualities of a judgment. In England, when a recognizance was forfeited, it was the common practice to estreat the same, and remit it to the Court of Exchequer for collection. A writ of execution would follow against the person and property of the surety. No writ of scire facias was originally issued in a criminal case where the recognizance was properly forfeited, namely, where it appeared that the condition for the appearance of the accused was violated. If the question of forfeiture were in doubt, the practice required the issuance of the writ of scire facias. 2 Tidd, Pr. 1090; State v. Randolph, 22 Mo. 482. The later English cases seem to have adopted the practice of issuing scire facias before taking final action upon the recognizance. It has been held that the theory on which a proceeding of this character is founded rests primarily upon the fact, as has been observed, that the records of the court disclose that the principal and surety, by reason of their voluntary act, are already before the court. Although such writ is in the nature of an original process, it is only so regarded in the sense of its being the initial step to enforce the collection of the debt which was created by the default of the surety to produce his principal when legally called upon so to do. It is a fiction of the common law that a surety is personally in attendance upon the court whenever the accused, by order of the court, is bound to personally appear. Manifestly, such a presumption finds support in the practice which obliges the clerk to proclaim notice in open court to the surety in the absence of the principal to produce his principal or forfeit his bail. U. S. v. Dunbar, 83 Fed. 151, 27 C. C. A. 488. The trend of the earlier decisions is to the effect that the recognizance is a confession of a debt, and, when filed, it is made a record of the court, which binds the lands of the conusor or surety. No action to enforce

the bond upon a forfeiture was necessary, as execution issued upon the recognizance as a matter of course. Gildersleeve v. People, 10 Barb. 40; State v. Caldwell, 124 Mo. 513, 28 S. W. 4; People v. Quigg, 59 N. Y. 83; People v. Bennett, 136 N. Y. 484, 32 N. E. 1044. In the Gildersleeve Case a statute of the state of New York, which permitted judgment upon a forfeited recognizance to be entered of course without further proceeding, was held to be constitutional. The court reviewed the common-law cases, and held that the statute was merely declaratory of the adoption of that procedure by the Legislature. The later practice, and that which seems to be adopted through the enactment of section 716 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 580], provides for the issuance of the writ of sci. fa. on the judgment of forfeiture of the recognizance. As has been indicated, the defendant is entitled to notice and service upon him of the writ, so as to give him full and complete opportunity for defense. The practice seems to be, according to many authorities, that after scire facias against bail the execution cannot be awarded against a defendant who has not been personally served with process until there have been two returns of nihil to the writ. Graham v. State, 7 Blackf. (Ind.) 313; Foster's Scire Facias; 13 Tidd, Pr. 1090; Elasser v. Haines (N. J. Sup.) 18 Atl. 1095; McRae v. Mattoon, 13 Pick. 53. Such appears to be the holding of the cases arising under the common law. In the last-mentioned case the defendant against whom the writ issued resided in the state of North Carolina when he became bail and at the commencement of the proceedings. Subsequently he removed to the state of Massachusetts. His defense to the writ was that he had no notice of the proceedings against him as bail. The court held that a principal and surety upon a recognizance presumptively submit themselves to the jurisdiction of the court and the practice of the state. It was there further held that the defendant, to avoid liability, must take notice of his default and interpose his defense in the forum where the remedy was rightly instituted. The return of two nihils to the writs of scire facias was deemed equivalent to personal service upon the defendant. In Insley v. United States, 150 U. S. 512, 14 Sup. Ct. 158, 37 L. Ed. 1163, it was held that, where a process was duly served, a forfeited recognizance may be enforced by sci. fa. proceedings. The Supreme Court of the United States affirmed the decision of the Circuit Court, and by implication, at least, approved its language in respect to the assertion that the proceedings upon which the form of action is founded must be duly served. In granting the temporary injunction herein, Judge Ray decided that there must be personal service of the writ in the district where the proceeding was instituted; that the sci. fa. is in the nature of an original action; and, unless the surety has voluntarily submitted himself to the jurisdiction of the court out of which the writ issued, he must be personally served in such district. He further held that, according to Owens v. Henry, 161 U. S. 642, 16 Sup. Ct. 693, 40 L. Ed. 837, and Brown v. Wygant and Leeds, 163 U. S. 618, 16 Sup. Ct. 1159, 41 L. Ed. 284, the proposition was apparently settled that two returns nihil on successive writs are only applicable where the defendant in the sci. fa. is domiciled or found within the jurisdiction of the court where the writ issues. After revewing the cases above mention-

ed, which were civil in their nature, and to revive a judgment, he states his conclusions as follows:

"Two returns nihil are not equivalent to service, except where the writ issues lawfully out of the court in the jurisdiction where the defendant resides. Service in this manner, to be good service, assumes that the defendant resides within the jurisdiction of the court issuing the writ, but cannot be found. In such case two returns nihil are equivalent to personal service, but two returns nihil are not service when the defendant does not reside within the jurisdiction of the court issuing the writ. If this be true in a case for the recovery of a sum of money, where judgment was lawfully issued in the first instance on personal service, and the proceeding is to revive a judgment, how much more ought it to be true in a case where the scire facias proceeding is an original suit, or in the nature of an original suit, and the defendant does not reside within the jurisdiction of the court issuing it, and neither resides nor was within the jurisdiction of that court at the time the recognizance was executed, or default thereon taken, or when the writ issued?"

Undoubtedly the writ, in effect, determines the personal rights and obligations of the defendant, and I quite agree that it may, therefore, be doubted whether a constructive service in the nature of two returns nihil upon a nonresident is sufficient service, especially where the recognizance was entered in another state. See Pennoyer v. Neff, 95 U. S. 727, 24 L. Ed. 565. Scire facias against bail, however, it must still be said, is a proceeding sui generis, and general rules of procedure must be cited and followed with caution. The proposition, as will easily be appreciated, is of much importance, and, in view of the authorities, unsettled. In view of the exhaustive and comprehensive opinion of Judge Ray, whose illness has prevented him from sitting at final hearing, I have determined, notwithstanding some doubts arising in my own mind as to the correct practice upon scire facias against bail, to follow that decision. Moreover, an appeal from the decision of Judge Ray was sustained by the Circuit Court of Appeals on the ground that it was discretionary to grant the injunction during the pendency of the action, without disagreeing with the law applicable to this subject as laid down by the Circuit Court. Although such holding cannot strictly be regarded as sustained on appeal, it is thought, nevertheless, out of a proper deference to the opinion of Judge Ray, any doubts which the court at final hearing may have as to the soundness of the views there expressed should be resolved in favor of their correctness. The facts of the case are practically the same as they were assumed to be by Judge Ray. His reasoning, if sound, at preliminary hearing, must still be so considered. The prevailing rule of comity demands an acceptance of such reasoning and construction, unless the Circuit Court of Appeals, to which court an appeal is to be taken, as was stated at the argument, should finally give different settlement to the questions in dispute.

The next important point is whether the recognizance is void because it was declared estreated on March 7, 1902, prior to the date fixed for the trial by the order of February 24th. Judge Ray was of opinion that a serious question of fact was presented by this contention. He doubted the power of the court to make a valid order on March 17th confirming the prior decree forfeiting the recognizance. The evidence shows that after the date of trial was fixed under indictment No. 322

the grand jury found another indictment against the defendants of the same nature, and based upon facts arising out of the same transactions. Accordingly, the defendants were directed to appear on March 6, 1902, for the purpose of pleading to the new indictment, and to abide the directions of the court on both accusations. As has been stated, the recognizance was estreated on March 7th, to which date the matter was continued because of Gaynor's failure to respond when called upon to appear. On March 17th the recognizance was again estreated, or, rather, the former forfeiture was confirmed. It is now objected by the defendant that there was no valid judgment of forfeiture. This insistance is without merit. It is thought to be immaterial whether the forfeiture was on March 7th or 17th. The recognizance in terms bound the surety to produce his principal at that term of court, and from day to day thereafter as the court might direct. Waiving the point that, even if some degree of merit be found in the objection, it cannot be used to impeach the judgment collaterally, I am clearly of opinion that such objection must fail. Undoubtedly the court had the power to require the appearance of Gaynor on March 7th. It was the duty of his surety to produce him upon that date despite the fact that as to the first indictment a later day of trial had been determined upon. Suppose a change of the date of trial had been afterwards made without the consent of the defendants. Can it reasonably be claimed that the surety was not obliged to produce his principal at such time as might be fixed by the court. Certainly not. Assuming that the recognizance does not bind the surety to have his principal in court on all the charges which might arise from the conspiracy alleged to have been entered into on or about January 1, 1897, and was entered into merely to secure the attendance of the accused at the opening of court, and from day to day thereafter until the particular charge upon which the arrest was effected is disposed of, then such objection is still without force for the reason that the surety failed to appear on the 17th day of March, at which time the sci. fa. proceeding was instituted. Assuming the correctness of the proposition that the court obtained jurisdiction by reason of the recognizance and its forfeiture being a judgment of the court, I can conceive of no sound reason for concluding that the estreatment of the recognizance on March 17th is in fact ineffectual. The confirmation of the forfeiture must be given the effect intended. A surety cannot be permitted to escape personal liability on account of a technical omission to estreat a recognizance on the precise day when the principal was obliged to appear at any time during a particular term, or from term to term. The original estreatment and the order confirming the same were entered at the same term of court. The effect, therefore, of the confirmation or ratification of the prior order was in fact to estreat the recognizance because of Gaynor's fault in appearing on March 17th. As indicated above, the asserted facts on the motion for preliminary injunction as to the date of estreatment of the recognizance were thought by Judge Ray to be in serious conflict, and for that reason only have I deemed it necessary to state my views thereon. Such views are, nevertheless, controlled by the principles involved in the question of jurisdiction and the judgment in the sci. fa. proceeding. If it is a correct conclusion that the United States District Court for

the Eastern Division of the Southern District of Georgia was without power or authority, because of the circumstances of this case, to enforce the remedy which the government elected to pursue, then, of course, the date of forfeiture of the recognizance is immaterial, and the case must be determined in favor of complainant.

It would serve no useful object to pass on any other point submitted in the briefs, except to add that, assuming the proceedings in the state of Georgia to be invalid for want of jurisdiction, the remedy invoked by the complainant to restrain the collection of the execution was proper, and accordingly this court, in the exercise of its equity power, may afford relief. North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565; Barrow v. Hunton, 99 U. S. 80, 25 L. Ed. 407; Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870. These cases, it is thought, control the proposition that a party cannot enjoy the fruits of a judgment illegally obtained where, as here, no adequate remedy exists at law.

Another point may briefly be disposed of, namely, that the United States cannot be sued by an individual except as permitted by acts of Congress. U. S. v. McLemore, 4 How. 287, 11 L. Ed. 977; Hill et al. v. U. S., 9 How. 387, 13 L. Ed. 185. This was practically conceded at the hearing. My conclusion is that the complaint, as to the government of the United States, must be dismissed, with costs.

The threatened unlawful seizure of the property of the complainant by the defendant McDougall must be enjoined. U. S. v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171. Judgment is therefore awarded in favor of the complainant against C. D. McDougall, as United States marshal for the Northern District of New York, as demanded in the bill, with costs.