## LEARY v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 19, 1909.)

No. 260.

BAIL (§ 84*)—ACTION ON CRIMINAL RECOGNIZANCE—DEFENSES.

In an action in a federal court against the surety in a criminal recognizance given in another district and there duly estreated, that the record pleaded and introduced to show such fact also shows that a judgment was there entered against the surety, which was void for want of jurisdiction over his person, is immaterial; the action not being based on such judgment, but on the recognizance, which was not merged in the void judgment.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 84.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

On writ of error to the Circuit Court for the Southern District of New York to review a judgment entered upon a verdict directed by the court in favor of the plaintiff below for $35,377.46. The controversy grows out of the litigation against Greene and Gaynor in the Northern District of Georgia. This action is upon a recognizance providing for the appearance of Greene in Georgia to answer any indictments which might be found against him. He failed to appear, and the bond was duly estreated. There are no disputed facts. Both sides moved for a direction of a verdict. The facts are fully stated in Kirk v. U. S., reported as follows: (C. C.) 124 Fed. 324; 130 Fed. 112, 64 C. C. A. 446; (C. C.) 131 Fed. 331; 137 Fed. 753, 70 C. C. A. 187; 204 U. S. 668, 27 Sup. Ct. 788, 51 L. Ed. 671.

Kellogg & Rose (Abram J. Rose and Alfred C. Petté, of counsel), for plaintiff in error.

Henry A. Wise, U. S. Atty., and Winfred T. Denison, Sp. Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The previous litigation in this court related to the bond given by John F. Gaynor with William B. Kirk as surety. The facts in the case at bar, so far as they relate to the proceedings in Georgia, are in all respects substantially similar to those in the Kirk Case, except that they relate to the bond given by Benjamin D. Greene with James D. Leary (the defendant's intestate) as surety.

The defendant argues that the proceedings in the District Court of Georgia were illegal for the reason that the recognizance was not in the form required by statute and was not properly estreated. We deem it unnecessary to consider this contention further than to say that, after a careful consideration of the facts upon which defendant's argument is based, we decided, in the Kirk Case, that the recognizance was properly estreated and that the United States acquired a perfect cause of action thereon.

It is argued that the action is founded upon a judgment alleged to have been entered in the Georgia court upon scire facias proceedings instituted thereon, which judgment has no extraterritorial effect and cannot, therefore, be enforced in the Southern district of New York.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant further contends that the right of recovery upon the recognizance was merged in the Georgia judgment and cannot be made the basis of an action in New York. The short answer is that this is not an action upon a judgment but upon a recognizance. In order to prove that the bond was properly estreated, the default duly declared and the forfeiture made final, it was necessary to introduce the record of the Georgia court. If this record proves these facts it is of no moment that it proves other facts.

In order to test the question, let it be conceded that the complaint contains unnecessary allegations and that the cause of action would have been established by the simple proof that the bond was duly estreated; how is the defendant injured? If a new trial were granted and the alleged redundant allegations and proof were stricken out the same result must inevitably follow, because on the undisputed relevant facts the plaintiff is entitled to a verdict. It has a cause of action upon the recognizance and, with all allusion to the scire facias proceedings stricken from the record, it will still be entitled to a verdict.

We have examined the other assignments of error and think none is well taken.

The judgment is affirmed.