### WESTERN SURETY CO. v. UNITED STATES et al.*

No. 8813.

Circuit Court of Appeals, Ninth Circuit.

Nov. 19, 1938.

*Rehearing denied Jan. 20, 1939.

Patrick F. Kirby, of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Francis C. Whelan, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR and DENMAN, Circuit Judges, and ST. SURE, District Judge.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Southern District of California against appellant, Western Surety Company, rendered on a writ of scire facias seeking such extraordinary relief in favor of the appellee and against appellant to recover on a bail

bond, alleged to have been forfeited, on which appellant is held to be a surety.

The bond was for the appearance of one Jos. S. Lamonte at the trial in the United States District Court for the Southern District of New York on one of several indictments there returned against him. It was executed in Los Angeles in the Southern District of California before a United States Commissioner, enclosed with a letter to the clerk of the New York court and placed in the mails for forwarding to him.

Nothing further is known of the letter or the bond after its deposit in the mails, though search of the New York court's records failed to disclose that it or the letter from California with which it was enclosed was received by the clerk. If it was received by the New York clerk, it is not shown in which of the cases it became a record, if in any. No attempt is shown to have been made to restore a record of it in any of the cases in the New York court and no showing is made that when the court below issued the writ of scire facias it had the bond in its possession. On the non-appearance of Lamonte in one of the cases the forfeiture of a bond was declared by the New York court.

The appellant moved to quash the writ on the ground that its issue was beyond the power of the California District Court. The motion was denied. Issue on the writ was raised by demurrer which was overruled and then by answer.

The appellant contended that the bond here involved was given in a criminal proceeding against Lamonte other than that in which the forfeiture was declared. The court below held against this contention, that the bond became a record in the New York proceeding for which it was given and that it was duly declared forfeited by the court in which the proceeding was pending.

The appellant contended below in support of its motion and contends here that appellee should have brought an ordinary action on the bond and not have attempted to invoke the extraordinary remedy of scire facias because the court in which recovery was sought was not the court in which the indictment was returned, the bond filed and the order of forfeiture entered, that neither the record of the New York federal court of the criminal case, nor of the bond and its forfeiture, nor the bond itself, had been transferred to the California federal court and that a court cannot issue a writ of scire facias founded upon a record which it does not have.

Appellant assigns and specifies other errors of the district court. Our disposition of this contention that the United States District Court for the Southern District of California lacked the power to issue the writ renders it unnecessary and beyond our power to consider the other assignments.

Scire facias in cases in personam is of statutory origin. It first appeared in the statute 13 Edward I, ch. 45. It was specifically recognized as available to the federal courts in the Act of September 24, 1789, 1 Stat. 73, 81. Its use in the federal district courts was abolished on September 16 of this year by Rule 81(b) of the new Rules of Federal Civil Procedure for the United States District Courts, 28 U.S.C.A. following section 723c. It has thus had existence as a remedy in England for over six centuries and in the federal courts of this country for nearly 149 years. Many states have had and still have the remedy.

In the federal courts a bail bond or recognizance may be sued upon in an ordinary action for debt. See United States v. Zarafonitis, 5 Cir., 150 F. 97, 99, 10 Ann. Cas. 290. Nevertheless, the appellee sought this extraordinary remedy on a lost bond, never restored of record, and from a court never possessing it, without offering a case, either of England, the United States, or of any of the states, in which any court not possessing the record has issued the writ. Nor has our search of the American cases revealed any authority for the exercise of such a power.

Obviously, since no such power has been exercised, what the courts have said concerning it is dicta. In this the text writers and opinions seem unanimous. The writ is indissolubly connected with the record, whether of a judgment it seeks to revive or of a recognizance to be enforced, and is to be issued by the court in which the record rests.

"The scire facias against the bail must issue out of, and be made returnable in, the Court in which the action was depending and in which the record is supposed to remain; and if the recognizance be recorded at Westminister, it must be brought in Middlesex only. * * *."

Foster's Writ of Scire Facias, London ed., page 316.

"Since the writ of scire facias is one which pertains to all courts of record, all

courts of record, unless prohibited, have the power to issue the writ. But a scire facias can issue only from the court having possession of the record on which it is founded, and the jurisdiction is generally determined by the record without regard to the residence of the parties, or the sum in dispute. * * *". (Citing state cases.)

56 Corpus Juris, page 871.

"We do not desire to discuss the general question of the jurisdiction of courts to issue this writ. The power to issue it is vested in the circuit courts of the United States, and no legislative action on the part of the states can destroy such power; Collin County Nat. Bank v. Hughes, [8 Cir.] 155 F. 389. If the proceeding is based on a judgment, it must be prosecuted and the writ issued in the court pronouncing judgment or having possession of the record, and if the proceeding is based upon a recognizance or other obligation in writing filed in the court, it must be regarded as a record of that court, and the scire facias hence prosecuted therein: Jarvis v. Rathburn, Kirby [Conn.] 220; State v. Brown, 41 Me. 535; Commonwealth v. Downey, 9 Mass. 520; Osgood v. Thurston, 23 Pick. [Mass.] 110; State v. Kinne, 39 N.H. 129; Boylan v. Anderson, 3 N.J.L. 529; Turner v. White, 49 N.C. 116; Cowden v. Stevenson, Wright [Ohio] 116; Grimke's Ex'rs v. Mayrant, 2 Brev. [S.C.] 202; Gibson v. Davis, 22 Vt. 374." 122 Am.St.Rep. page 91.

"14. Jurisdiction.—A scire facias can issue only out of the court having the record on which it is founded. If the proceeding is based on a judgment, it must be prosecuted and the writ issued in the court pronouncing judgment or having possession of the record, and if based on a recognizance or other obligation in writing filed in a court, the scire facias must be issued by that court. A proceeding by scire facias against bail is not such an original suit as is contemplated by a constitutional provision that one is liable to be sued only in the county in which he resides, but the original suit in which bail was required gives the court jurisdiction to proceed against the bail as a part of the proceedings appertaining to the original suit, though the bail resides in another county. * * *". 24 R.C.L. p. 673.

"§ 1236. Scire Facias. Scire Facias is a judicial writ at common law to revive judgments or to obtain satisfaction thereof, from sureties upon bail or other recogniz-

ances taken in proceedings in which the judgment was rendered. It is authorized by federal statute, and is founded on some matter of record, as judgments, recognizances, and letters patent, on which it lies to enforce the execution of them, or to vacate or set them aside. A writ of scire facias to enforce, against an indorser of a writ in an action at law, a liability for the costs under a judgment of a federal court, is an ancillary proceeding within the federal jurisdiction, without regard to the citizenship of the parties or amount in controversy. And so as to a writ of scire facias, instituted and conducted in the court rendering a judgment, to revive that judgment in behalf of the assignee of the one in whose favor the judgment was awarded." Hughes Federal Practice, Vol. 2, pp. 399, 400, § 1236.

Federal opinions in bail bond or recognizance cases make the same statement of the law.

"* * * The procedure to recover on the forfeiture of a bail bond is not controlled by the statutes of any state, except so far as actions at law are controlled by the state practice, and therefore a debt resulting from the forfeiture of a bail bond for the appearance of a party in a criminal case may be enforced by scire facias *in the court possessing the record* or by an ordinary suit in any *other* court of competent jurisdiction. * * *" (Italics supplied.) United States v. Zarafonitis, 5 Cir., 150 F. 97, 99, 10 Ann.Cas. 290.

Pullman's Palace-Car Co. v. Washburn, C.C., 66 F. 790, 792, 794, involved the following situation: In a suit in a Massachusetts state court by one Harrison, a nonresident, against the Pullman's Palace-Car Co., Washburn became a surety for costs by endorsement on an original writ, which endorsement was required by Massachusetts statute in suits brought by non-residents. The case was transferred to the United States Circuit Court for Massachusetts, where judgment was for the Pullman's Palace-Car Co. That court issued scire facias against Washburn, the surety, for a judgment for the costs. The federal court, recognizing that the transfer of the record from the state court deprived the Pullman's Palace-Car Co. of the right to have a writ of scire facias issued by the state court, considered the question whether such a writ could be issued by the federal court. It was held that because of the ancillary character of scire facias, it could be invoked even

though the amount sought to be recovered thereby (costs of approximately $800) was less than the jurisdictional amount of $2000 required in principal suits.

From Circuit Judge Putnam's discussion of the nature of the scire facias are the following sentences:

"* * * From the earliest reported cases in Massachusetts, proceedings against the statutory indorsers of writs have been almost universally by scire facias. The appropriateness of this is apparent when it is considered that every allegation involved is a matter of record in the court from which the scire facias issues, except that of the genuineness of the signature of the alleged indorser. Of course, we are considering only the class of writs of scire facias which issue on matters of judicial record in courts of common law. * * *

"It can lie only out of the court where the recognizance is entered of record, or the court to which the same has been removed, as in the case before us. * * *

"This principle applies to the pending case, because, for the reasons already given touching the intrinsic nature of scire facias against bail, and, by analogy, against this indorser, the state court could issue no writ of that class on a record which had been removed to the circuit court." Pullman's Palace-Car Co. v. Washburn, C.C., 66 F. 790, 792, 794.

In affirming, the Circuit Court of Appeals for the First Circuit approved Judge Putnam's reasoning. Washburn v. Pullman's Palace-Car Co., 76 F. 1005.

Another circuit court says:

"This proceeding is analogous to that of scire facias, a judicial writ at common law to revive judgments, or to obtain satisfaction thereof, from sureties upon bail or other recognizances taken in the proceedings in which the judgment is rendered. 3 Black, Com. 416-422; Owens v. Henry, 161 U.S. 642-645, 16 S.Ct. 693, 40 L.Ed. 837; Pullman's Palace-Car Co. v. Washburn (C. C.) 66 F. 790; McGee v. Barber, 14 Pick. (Mass.) 212. When resorted to, it must be in the court having the record or recognizance upon which it is founded. Carnes v. Crandall, 4 Iowa, 151; Id., 10 Iowa, 377; Osgood v. Thurston, 23 Pick. (Mass.) 110; Chancellor [Challenor] v. Niles, Adm'r, 78 Ill. 78. * * *". Egan v. Chicago Great Western Ry. Co., C.C. N.D. Iowa, 163 F. 344, 350. Still another circuit court says:

"* * * The writ which issued upon the forfeited recognizance is unquestionably a judicial writ, and founded on the record of the court. *It must be issued out of the court wherein the recognizance was estreated. * * *.*" (Italics supplied.) Kirk v. U. S., C.C. N.D. N.Y., 131 F. 331, 335.

Against this cumulation of authority, the appellee's brief offers but one law writer's statement which, through a purported quotation, appears to the contrary. This is from a memorandum of the clerk of the court appended to an opinion of the District Court of the Southern District of New York in Universal Transp. Co. v. National Surety Co., 252 F. 293, 298, as follows:

"The better opinion is that it [*the writ of scire facias*] is also valid in any other jurisdiction where the defendant then lives, unless the statute of limitations upon the original judgment had already run in the jurisdiction where defendant then lives, when the judgment of revivor was entered." (Italics supplied).

The unwarranted treatment of this quotation appears in the italicized parenthetical clause in the second line, making it appear that the clerk's sentence is referring to "the writ of scire facias", when it is not. The quoted matter is the terminal sentence of a paragraph discussing not the power to issue the writ, but the validity of the judgment of revivor on the writ, in states other than that in which such judgment is rendered. This is apparent from two sentences preceding the quoted matter, which the appellee's brief omits entirely. They read:

"* * * Thus it is well settled that a judgment of revivor may be rendered in the court where the original judgment is recorded, upon the issuance of a writ of scire facias and its service in such manner as the court may direct, or upon two successive returns of nihil, whether the defendant then resides within or without that jurisdiction. Such judgment of revivor is valid within the jurisdiction. * * *" Universal Transp. Co. v. National Surety Co., D. C., 252 F. 293, 297, 298.

Equally unfortunate is the following from appellee's brief, in its treatment of an opinion of the Circuit Court of Appeals for the Second Circuit. The brief states:

"The objection that a writ of scire facias cannot issue in a court other than that wherein the forfeiture of the recognizance was had is answered by the Second Circuit Court of Appeals in the case of

Leary v. United States, [170 F. 941] supra, at page 942, as follows:

" 'The short answer is that this is not an action upon a judgment but upon a recognizance.'

"In the latter case the recovery *upon the writ* was had by proof of the records of the state of Georgia, a different district than the former." (Italics supplied.)

This statement is unwarranted, *first,* because the Leary Case was not a proceeding in scire facias at all. The suit began by complaint in the Circuit Court of the Southern District of New York seeking to recover upon the recognizance itself. Hence it could not answer "The objection that a writ of scire facias cannot issue in a court other than that wherein the forfeiture of the recognizance was had". Since not a suit upon the writ of scire facias, it could not be that in the Leary Case "the recovery *upon the writ* was had by proof of the records of the state of Georgia, a different district than the former". (Italics supplied.)

*Second,* because the matter quoted is not a paragraph, but part of one, which the brief fails to quote. It is:

"It is argued that the action is founded upon a judgment alleged to have been entered in the Georgia court upon scire facias proceedings instituted thereon, which judgment has no extraterritorial effect and cannot, therefore, be enforced in the Southern district of New York. The defendant further contends that the right of recovery upon the recognizance was merged in the Georgia judgment and cannot be made the basis of an action in New York. The short answer is that this is not an action upon a judgment but upon a recognizance. In order to prove that the bond was properly estreated, the default duly declared and the forfeiture made final, it was necessary to introduce the record of the Georgia court. If this record proves these facts it is of no moment that it proves other facts." Leary v. U. S., 2 Cir., 170 F. 941, 942.

The appellee's brief also, cites Kirk v. U. S., 2 Cir., 137 F. 753. The language of the brief concerning this case is:

"In the Kirk Case, supra, it was expressly held that scire facias on a recognizance could not *issue* out of the court in which the forfeiture of the bond was had against a surety resident at that time and for many years prior thereto in another district". (Italics supplied.) And

"The true rule is that the writ of scire facias may issue out of a court for the district in which the defendant or surety is resident even if the forfeited bond was filed in another district; and the writ improperly issues out of the court wherein the bond was filed and forfeited where the person sought to be held liable is a resident of another district. Kirk v. United States, supra."

There is no dictum much less holding to this effect in the Kirk Case. There the scire facias against Kirk was issued out of the United States District Court for the Southern District of Georgia for enforcement of a bail bond on which Kirk was surety, given in a criminal prosecution in that court. It was served in New York on Kirk, who was a citizen and resident of that state and had never been in the state of Georgia. The Georgia marshal twice returned on the writ "not found" in Georgia. Nevertheless judgment on the writ making final the forfeiture of the bond was rendered against Kirk by the Georgia district court.

It was to restrain the execution of this judgment in New York that Kirk sought injunction in the Circuit Court for the Northern District of New York. Nothing was said about the power of the Georgia court to *"issue"* the writ, that is to *initiate* the proceeding. Obviously, if Kirk had appeared in the Georgia proceeding by answer to the writ he would be bound by the judgment there.

The case concerned solely the right to acquire jurisdiction in personam by service of the process outside the territorial jurisdiction of the court issuing it. The opinion of the Circuit Court of Appeals takes no exception to the statement in the opinion of the circuit court below (131 F. 331, 335) to the effect that the writ can issue only from the court having the record on which the judgment is sought and that where the surety is no in that jurisdiction, the government's remedy is a suit directly on the bond as creating a debt.

Equally irrelevant is the case of Hollister v. United States, 8 Cir., 145 F. 773, cited by appellee to page 779. That was a case where the writ of scire facias was issued out of the court to which the recognizance was given and in which it was forfeited. The court held, as had the common law courts and our Supreme Court, that the writ is in the nature of a declaration permitting demurrer and answer and

of which the record on which it issues is not a part. Obviously this is so, for the court may take judicial notice of its own records. Lockhart v. Johnson, 181 U.S. 516, 520, 21 S.Ct. 665, 45 L.Ed. 979.

Nothing is said in the Hollister Case or in any of the opinions it cites as discussing the nature of the writ [1], concerning the power of a court to issue scire facias where neither the case for which the bond is given nor the bond is a part of its records.

Appellee states that appellant's objections that the federal court in California could not issue scire facias because that court did not have the record "* * * is covered by the ruling of the Supreme Court in the case of Insley v. United States, 1893, 150 U.S. 512, 14 S.Ct. 158, 37 L.Ed. 1163, wherein it is stated at page 515, 14 S.Ct. at page 159, of the opinion:

"'It is a sufficient answer * * * that * * * Rev.St. § 563 [28 U.S.C.A. § 41(9)] * * * confers upon District Courts jurisdiction of all suits for penalties and forfeitures incurred under any law of the United States, and section 716 conferring upon district courts power to issue writs of scire facias [28 U.S.C.A. § 377].'"

It is sufficient to say that the brief fails to point out to us that the writ in the Insley Case was issued out of the court which had within its records both the underlying criminal proceeding in which the recognizance was given and the recognizance itself. The quoted matter does not give "sufficient answer" or any answer to any question here relevant. The Supreme Court discussed the question of scire facias only with reference to the propriety of its use in a federal court sitting in a state whose statutes do not authorize proceedings by that writ. It refused to pass on the question and held that it could not be raised on collateral attack, because the district court had jurisdiction of the subject matter and the parties, and since the writ is a remedy only its use if wrongful was mere error to be corrected by writ of error.

We hold that it was error to deny appellant's motion to quash the writ and that upon this reversal it shall be quashed by the district court.

The writ served on appellant is not cast in the form of a complaint on the bond as a contract. It does not allege non-payment and states only the existence of the bond and its forfeiture. However, the petition for the writ, which was not served, but which remains though the writ be quashed, does state such a cause of action. While the specific remedy the petition seeks is a proceeding in scire facias, under Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is subject to an amendment substituting a prayer for relief upon the breach of the bond by non-payment after non-appearance of Lamonte. Such relief may be sought by appellee if it be so advised.

Reversed.

[1] United States v. Payne, 147 U.S. 687, 13 S.Ct. 442, 37 L.Ed. 332; Browne v. Chavez, 181 U.S. 68, 21 S.Ct. 514, 45 L. Ed. 752; Winder v. Caldwell, 14 How. 434, 14 L.Ed. 487; Owens v. Henry, 161 U.S. 642, 16 S.Ct. 693, 40 L.Ed. 837; Hunt v. United States, 166 U.S. 424, 17 S.Ct. 609, 41 L.Ed. 1063; McRoberts v. Lyon, 79 Mich. 25, 33, 44 N.W. 160.