The opinion of the Court was delivered by
Parker, C. J.
The only objection to the verdict in this case on the part of the defendant is, that the jury have allowed the plaintiff money which he paid in Charleston on account of the sickness and funeral charges of the master of the defendant’s ship, which was addressed to the plaintiff by the defendant or some agent of his abroad. The master was seized with the smallpox, left the vessel, and went to a boarding-house, where two physicians attended him •, but he died in a short time. The plaintiff was called upon by the keeper of the ooarding-house, the physicians, and the managers ol the funeral, with their several bills, all of which were proved to be reasonable, and he paid the whole.
It is hardly conceivable, that a ship-owner, under these circumstances, would refuse to reimburse an agent in a distant port, even if he were not compellable by law to do it. But we have no doubt that the defendant is liable in law. It is proved to be the custom in Charleston for consignees, to whom a ship is addressed by the own *13 ers, to pay charges of this kind; and that it would be dishonorable to refuse.
A merchant at home, sending his ship abroad, is presumed to know the customs and usages of the port to which he sends her; and when he sends his ship thither, he is liable for all customary charges and expenses. And, even if an action at law would not lie against his agent or consignee for any debt incurred by the ship, or in relation to the ship ; yet, if an action would lie against the owner ; or if the agent or consignee, being bound in honor to pay, according to the usage of the place, shall pay the debt, in confidence that what is customary among merchants will be allowed by his principal, he shall be reimbursed. For the owner is presumed to authorize every thing to be done by the consignee, which the custom of the place where the vessel is shall require to be done.
* The verdict in this case is, therefore, right in substance. [* 6] But the plaintiff claims interest, upon the sum advanced by him, according to the rate of interest allowed in South Carolina; and we think him entitled to it. For, otherwise, he will not be indemnified ; and, even then, he will lose the interest of his money from the time of his advancing it to the commencement of his action ; which, perhaps, he might have recovered, if it had been attended to in season. The defendant must be considered as indebted to the plaintiff in Charleston, the. moment the money was advanced ; and he ought to pay the same interest which he would have paid had he given his promissory note at the time ; the interest of the country where the contract was made being always allowed. The verdict is to be altered to conform to this opinion, and judgment entered accordingly.†

 Grimshaw vs. Bender, 6 Mass. Rep. 157. — Baker vs Wheaton, 5 Mass. Rep. 509. - Vancleef vs. Therasson & al., 3 Pick. 12. — Pearsall & al. vs. Dwight al., 2 Mass. Rep, 84.— Greenwood vs. Curtis, 6 Mass Rep. 358. — Blanchard vs. Russell, 13 Mass. Rep. 1. — Prentiss vs Savage, 13 Mass Rep. 20 —Powers vs. Lynch, 3 Mass. Rep. 77. —De Sobry vs Terrier, 2 Har. Johns. 220. — Smith vs. Mead, 3 Con. 253.— Winthrop vs. Pipoon, 1 Bay, 460. — Consequa vs. Willing, 1 Peters, 230. — Andrews vs. Herriot, 4 Cowen, 508, & note.— Thomson vs. Ketcham, 11 Johns. 235. — Smith vs. Smith, 2 Johns. 235.— Consequa vs. Fanning, 17 Johns. 511. — Emery vs. Greenough, 3 Dall. 361. — Jaffrey vs. Dennis, 2 Wash. C. C. R. 253. — Quince vs. Callendar 1 Dessaus. 160. — Hosford vs. Nichols, 1 Paige, 225.