# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT, DECEMBER TERM, 1836.

[PHILADELPHIA, DECEMBER 12th, 1836.]

## CHAMBERS *against* CARSON.

Notwithstanding the act of the 13th June, 1836, which provides that " a *scire facias* shall be served and returned in the same manner as a summons"—if service cannot be made of a *scire facias*, it may be returned " *nihil ;*" and after two *nihils*, judgment may be taken according to the practice prevailing before the passage of the act.

MR. *Bayard* moved for judgment in this case, which was an *alias scire facias sur* mortgage, brought by Thomas Chambers, administrator (*cum testamento annexo,*) *de bonis non* of Thomas Duncan, Esq. deceased, against Charles Carson, surviving administrator of the goods, &c. of John Carson, deceased; the writ having been returned " *nihil.*"

A doubt was expressed at the bar, whether such judgment could be regularly obtained, since the act of 13th June, 1836; the 39th section of which provides that " In every case in which a writ of *scire*

*facias* may by law be issued, it shall be served and returned in the same manner as is provided in the case of a summons in a personal action," &c.; but

The Court said that the intention of the legislature must be supposed to have been to direct the method of serving a *scire facias,* when service can be made; and not to alter the return in cases where the writ cannot be executed, nor to interfere with the convenient practice of considering two *nihils* as equivalent to service. The practice of the Court in these cases, is really a dispensation of service; and the reason of it is that the plaintiff having a debt of record in the very Court apparently unsatisfied, which must be executed by the process of the Court within the county, it would be unreasonable to require him to pursue process further, for the purpose of bringing the defendant in; for without such dispensation, it may happen that the plaintiff will be delayed inconveniently, if not indefinitely. The reason is applicable to the case of a *scire facias* upon a mortgage—which can be brought only in the county in which the land lies; and it would amount to a denial of justice in some cases, to hold that service of the writ must be made upon the defendant personally, or at his place of residence, as in the case of a summons.

Judgment for the plaintiff.