SMITH BATTEY, Executor, *vs.* WILLARD HOLBROOK.

In an action upon a judgment rendered in another state for the penalty of a bond, to stand as a security for future as well as for past breaches, the plaintiff can recover only the amount of damages for past breaches, for which execution has been there awarded; and not the amount of the penalty, although the defendant has removed out of the jurisdiction of the court in which judgment was recovered.

THOMAS, J.   This case is free from serious difficulty, when it is understood.   The action is one of contract (debt) upon a judgment obtained in the circuit court of the United States for the district of Rhode Island.   The original suit upon which the judgment was had was debt upon a penal bond conditioned for the payment to the plaintiff as trustee of such annual sum for the support of the wife of the defendant as certain referees agreed upon by the parties should determine.   The declaration alleged the determination by the arbitrators, and the breach of the bond in the failure of the defendant to pay.   Upon proof of the breach of the bond, judgment was entered in the penal sum.   Judgment is so entered to stand as security for future breaches, as well as for the past.   The effective judgment on which execution issues, which becomes a debt, and for which an action of debt would lie, is the amount then found in equity to be due. Upon the judgment of forfeiture in the penal sum of the bond no execution issues, nor on such judgment could debt be maintained.   The remedy of the plaintiff for future breaches is by *scire facias.*   And though the defendant has now removed from

Battey, Executor, *v.* Holbrook.

the local jurisdiction of the court, the writ of *scire facias* may still issue, for the suit is in fact still pending in court, its remedy yet incomplete and to be enforced as and when new breaches occur.

If then the plaintiff or his executor could upon this formal judgment for the penalty of the bond obtain judgment in this court, not only would the court where the original suit is still pending be ousted of its jurisdiction, but the essential character of the transaction would be changed. The formal judgment would become an absolute debt, and the plaintiff acquire under his new judgment what he could never get by the old ; unless indeed the case could be transferred bodily from one court to another, and this court proceed to complete what the other had left unfinished. For such transfer, it is scarcely necessary to remark, the law has neither way nor means.

Judgment can be recovered here only for the amount found due and for which execution issued in the circuit court.

The agreement upon which the judgment, which is the subject of this suit, was obtained was for the support of the wife upon the voluntary separation of the parties. Upon a decree for alimony, it may be well to remark by way of caution, we suppose no action will lie in another jurisdiction.

*Judgment for the amount for which execution was awarded in the original suit.*

*P. C. Bacon,* for the plaintiff, cited U. S. St. 1789, *c.* 20, §§ 11, 14, 26 ; Rev. Sts. *c.* 100, §§ 8, 9; St. 8 & 9 W. 3, *c.* 11, § 6 ; Conkling's Pract. 89, 288 ; 1 Chit. Pl. (6th Amer. ed.) 124 ; *Goodwin* v. *Crowle,* Cowp. 359 ; *Austin* v. *Moore,* 7 Met. 125 ; *Perry* v. *Perry,* 2 Gray, 328 ; *Commonwealth* v. *Green,* 12 Mass. 3.

*D. Foster,* for the defendant, cited some of the same authori ties, and also Prov. St. 10 W. 3, Anc. Chart. 324 ; 4 Dane Ab. 426, 427 ; 1 Tidd's Pract. (1st Amer. ed.) 122, 508, 512 ; 2 Tidd's Pract. 1010, 1012, 1037, 1048; *Roles* v. *Rosewell,* 5 T. R. 538 ; *Walcot* v. *Goulding,* 8 T. R. 126 ; *Cornwallis* v. *Savery,* 2 Bur. 772 ; *Douglas* v. *Forrest,* 4 Bing. 686 ; *Becquet* v. *Mac Carthy,* 2 B. & Ad. 951 ; *Adams* v. *Rowe,* 2 Fairf. 89.