CASE 22—*SCIRE FACIAS*—JANUARY 21.

# Hughes, &c. vs. Shreve, &c.

APPEAL FROM GREENUP CIRCUIT COURT.

A decree is a judgment, according to the definition of a judgment contained in the *Civil Code, section* 397. Hence the provisions of the Code, concerning judgments, apply also to decrees.

The provisions of the Civil Code (*title* 9, *chap.* 4,) concerning the "revivor of judgments," apply to all judgments whether rendered before or after the Code took effect. The proceeding by *scire facias* is not supported by those provisions, and is therefore unauthorized. (*Civil Code, sec.* 875.)

Joyes, for appellants, cited 7 *Dana*, 25.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

A writ of *scire facias* was issued in 1855, for the purpose of carrying into effect a decree alleged to have been rendered in 1844 in favor of the appellants, for a tract of land. The appellees filed a plea, to which the appellants demurred, and thereupon the court below dismissed the *scire facias*, from which judgment this appeal was taken.

A decree is a judgment according to the definition of a judgment contained in the *Code of Practice, section* 397. Hence, the provisions of the Code concerning judgments apply also to decrees.

The provisions of the Code, (*title* 9, *chapter* 4,) concerning the "revivor of judgments," apply to all judgments whether rendered before or after the Code took effect. (*Norris' adm'r vs. Chafault, MS. opin., Jan.,* 1857.)

The proceeding by *scire facias* is not supported by those provisions, but is inconsistent therewith, and is therefore unauthorized. (*Code, sec.* 875.)

Wherefore, the judgment is *affirmed.*