SCHWAB (HUDSON v.). See Case No. 6,835.

## Case No. 12,501.
### SCHWABACKER v. REILLY.
[2 Dill. 127.][1]

Circuit Court, E. D. Missouri. June 1, 1872.

WRITS— ORIGINAL PROCESS—BY WHOM SERVED— SERVICE BY PRIVATE PERSON.

1. Since the act of June 1, 1872 (17 Stat. 196), as well as before, original process directed to the marshal must be served by that officer or his deputy, and cannot be served by a private person, although such mode of service as respects process in the state courts, may be authorized.
[Cited in Republican Val. R. Co. v. Sayre. 13 Neb. 282, 13 N. W. 404.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

2. Subpœnas and notices directed to a witness or party need not, necessarily, be served by the marshal.

At law.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge. This is a civil action at law commenced in this court. Summons issued, in the usual form, in the name of the president, tested in the name of the chief justice, under the seal of the court, signed by the clerk, commanding the marshal to summon the defendant to appear in this court at the term named in the writ to answer the petition of the plaintiff filed herein. At this term the plaintiff moved for a default, for want of an answer, and on looking at the summons, we find no return of service by the marshal, or by any deputy of his, but only an affidavit of a private person, that "he executed the writ by delivering a copy to the defendant, at," etc.

We cannot grant the default. The marshal is the executive officer of the court, and he or his deputy must serve the process directed to him. It is the marshal who is commanded by the writ to serve it, and no other officer or person is authorized to perform this duty. Among the duties of the marshal as prescribed by the judiciary act (1 Stat. 73, § 27), is this: "To execute throughout the district all lawful precepts directed to him, and issued under the authority of the United States." By the twenty-eighth section of this act, it is further provided that when the marshal or his deputy shall be a party, the process in the suit shall be directed to a disinterested person, appointed by the court, or any judge thereof, and such person is authorized to execute and return such process.

In some of the states there are provisions authorizing original process to be served by private persons, and to make proof of such service by affidavit. In Missouri the original writ is a summons directed to the officer who is to execute it. If there is any authority in the laws of the state giving to private persons the right to make service of a writ of summons, this would not apply, under the special legislation above mentioned, to actions in this court. Nor would it apply by reason of the provisions of the act of June 1, 1872 (17 Stat. 196, § 5).

True, this act provides that "the practice, pleadings, and forms and modes of proceedings in other than equity and admiralty causes" in the federal courts "shall conform, as near as may be, to the practice, pleadings, forms and modes of proceedings" in the state courts, "any rule of court to the contrary notwithstanding." This general provision, of which the main object was to secure uniformity of practice in the two classes of courts, as far as practicable, cannot impliedly repeal special provisions of the acts of congress directing the modes of procedure and of service of process in the federal courts. A subpœna directed to a witness, or a notice directed to a party, stands on different ground, and in ordinary civil actions service of these may be made in conformity with the statute provisions of the state, and not, necessarily, by the marshal.

Motion denied.

NOTE. Service of process is a "mode of proceeding" within the meaning of the act of June 1, 1872. and being so, the mode of service (not the officer by whom made) prescribed by the state law must be followed, and the power of the federal court to prescribe or substitute any other mode is necessarily abrogated. So held by the United States circuit court, for the Eastern district of Wisconsin, by Mr. Justice Davis and Mr. District Judge Hopkins. Perkins v. Watertown [Case No. 10,991.]

Construction of above act as respects service by publication. Bronson v. Keokuk [Case No. 1,928].