## BROWN v. WYGANT AND LEEDS.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 209. Submitted April 2, 1896. — Decided May 25, 1896.

R. obtained a judgment against B. on the law side of the Supreme Court of the District of Columbia. Shortly after he assigned the judgment to S. W , who subsequently became bankrupt, and as such surrendered all his property, including said judgment. G. was duly made his assignee. S. W. died and G. W. was made his executrix. The death of S. W. being suggested on the record, a writ of scire facias was issued to revive the judgment, and on return of nihil a second writ was issued on which a like return was made. When these proceedings came to the knowledge of B. he filed a bill to set them aside. A demurrer being sustained on the ground that the assignee was not a party the assignee was summoned in; and, upon his death, his successor was made a party on his

own motion. After issues were made by the pleadings, the suit proceeded to a final decree in the Supreme Court of the District, from which an appeal was taken to the Court of Appeals. The latter court reversed the judgment of the court below. On appeal to this court it is *Held,*

(1) That the proceedings to revive the judgment were regular;

(2) That as the assignee was a party to the proceedings, with his official rights protected, the judgment debtor could not set up that it was not competent for G. W. to originate the proceedings;

(3) That no substantial reason was shown why B. should be relieved from the judgment.

ON June 22, 1887, Joseph M. Brown, a citizen of the United States, residing in the District of Columbia, filed in the Supreme Court of the District of Columbia a bill in equity against Grace Wygant, executrix of Stephen I. Wygant, deceased, a resident of the State of New Jersey, seeking to enjoin the collection of a judgment of the Supreme Court of the District of Columbia in favor of the said Grace Wygant, executrix, against the said Joseph M. Brown, dated March 3, 1886.

The bill alleged that on the 9th day of February, 1874, one Thomas L. Raymond obtained a judgment against the complainant Brown, on the law side of the Supreme Court of the District of Columbia, for the sum of $5000; that on May 14, 1874, said Raymond assigned said judgment upon the records of the court to Stephen I. Wygant, the testator of said Grace Wygant; that on February 23, 1878, the said Stephen I. Wygant was adjudged a bankrupt by the District Court of the United States for the Southern District of New York, and on that day duly surrendered all his property, including said judgment for $5000 ; that on March 20, 1878, one Henry T. Godet was appointed assignee in bankruptcy; that said judgment for $5000 was in terms included in the schedule of assets filed by Stephen I. Wygant; that claims aggregating more than $12,000 were proven in said bankruptcy proceedings; that the said judgment for $5000 was the principal asset, and that the aggregate value of the assets was much less than the claims; that the estate of said bankrupt had never been settled, and that the said judgment for $5000 still belonged to Henry T. Godet, as assignee ; that the defendant, Grace Wygant, had full knowledge of the bankruptcy pro-

ceedings, and relying upon complainant's ignorance thereof and for the purpose of harassing him, on January 12, 1886, applied for and procured letters testamentary from the Supreme Court of the District of Columbia on the estate of Stephen I. Wygant, then deceased; that said Grace Wygant, after receiving such letters testamentary, and on February 1, 1886, caused the clerk of said Supreme Court of the District of Columbia to enter upon the docket of said court a suggestion of the death of Stephen I. Wygant, and to issue a writ of *scire facias* to revive said judgment, and upon the return by the marshal of the District, of "*nihil*," the said Grace Wygant, on the 4th day of February, 1886, caused an alias writ of *scire facias* to be issued, which writ was, on the same day, returned by the marshal endorsed "*nihil;*" that the said Grace Wygant obtained, upon the issuance and return of such writs of *scire facias*, a "*fiat*" from the justice holding said Circuit Court of the Supreme Court of the District of Columbia on the 3d day of March, 1886, for the purpose of reviving said judgment; that the complainant had no knowledge of such proceedings in the said special terms of said Supreme Court of the District of Columbia for probate and circuit court business until a long time after the rendition of said "*fiat;*" that as soon as he received notice of said proceedings he filed a motion to set them aside and for the vacating of the "*fiat*," but that the justice holding such Circuit Court overruled said motion, reserving to appellant his rights to proceed in equity for relief; that after the rendition of the "*fiat*" aforesaid, Grace Wygant, as such executrix, brought an action for the enforcement of such judgment against the complainant in the Supreme Court of the county of New York on December 28, 1885; and thereupon the complainant prayed for both a temporary and final injunction against Grace Wygant, as such executrix, and for general relief.

A demurrer was sustained to the bill on the ground that the assignee in bankruptcy was not made a party, but leave. was given to amend by making the assignee a party. On January 10, 1888, the complainant amended by adding the name of Henry T. Godet, assignee in bankruptcy of Stephen

I. Wygant, deceased, as an additional defendant, and by filing as an exhibit the assignment conveying to Godet, assignee, the entire estate of the said bankrupt, executed March 3, 1878, by the register in bankruptcy. After a general demurrer to the bill as thus amended had been overruled, Grace Wygant, executrix, filed an answer, and issue was joined, June 26, 1888, by replication. On February 5, 1888, an injunction *pendente lite* was allowed as prayed in the bill. On September 11, 1888, on motion of the solicitor of the defendant, the death of Godet, assignee, was entered of record. On September 29, 1890, Henry Leeds, as successor to Godet, was, on his own petition, admitted to become a party defendant, and on November 4, 1890, Leeds, as assignee, filed his separate answer, substantially admitting the allegations of the amended bill, to which complainant filed a replication. On November 10, 1890, leave was given defendant Leeds to file a cross-bill, which he did, alleging that he, as assignee, was entitled to the judgment, and praying that it might be decreed to be an asset of the bankrupt's estate and of full force and vigor against the complainant, and that the defendant, Grace Wygant, should be decreed to assign to him such judgment and her apparent rights thereto.

On November 25, 1890, the complainant filed an answer to the cross-bill. In this answer he denied that the Supreme Court of the District of Columbia had jurisdiction to issue the letters testamentary to the defendant, Grace Wygant; denied that the "*fiat*" of the Circuit Court of the Supreme Court of the District of Columbia was pronounced by lawful authority, and denied that the judgment in controversy was still in force — pleaded the statute of limitations. He also averred that Godet, the original assignee, had actual notice of the pendency of this suit, but had refused and declined to become a party thereto.

On the 14th day of January, 1891, Grace Wygant, as executrix, filed an answer to the cross-bill, denying that Leeds was invested with title to the judgment as assignee, and likewise averring that since the filing of the original bill she had become the lawful assignee of all the claims of the creditors

against the bankrupt's estate except one owned by the city of New York.

On February 14, 1891, the Supreme Court of the District of Columbia, at special term, filed a decree dismissing the cross-bill and granting a final injunction against Grace Wygant, enjoining her as executrix from further prosecuting the judgment obtained by her against the complainant in respect to the said judgment for $5000 in the Supreme Court of the county of New York.

From this decree Grace Wygant, executrix, and Henry Leeds, assignee, appealed to the Supreme Court of the District of Columbia at general term, and that court, on April 4, 1892, reversed the decree of the special term, dismissed the bill of complaint of Joseph M. Brown, adjudged that the judgment in controversy was the property of Henry Leeds as assignee in bankruptcy of Stephen I. Wygant, deceased, as an asset of said estate, and decreed that said Grace Wygant, executrix, should convey and assign to said Henry Leeds, assignee, all her apparent rights in said judgment.

On April 16, 1892, the complainant filed a petition asking the court to vacate its said decree and to remand the cause to the special term, in order that evidence might be taken, for reasons set forth in said petition. On November 21, 1892, this motion was refused, and on December 20, 1892, an appeal was taken to this court.

*Mr. Robert Christy* for appellant.

*Mr. A. A. Birney* for Leeds, appellee.

MR. JUSTICE SHIRAS delivered the opinion of the court.

In dismissing the appellant's bill of complaint and sustaining the cross-bills the Supreme Court of the District evidently proceeded on the view that it was competent for the Circuit Court to render judgment of "*fiat executio*" on the return of "*nihil*" to two successive writs of *scire facias* on the original judgment. That a return of two *nihils* is equivalent to a service has been a rule of practice of long standing in England and in most of the States of this Union.

The writ of *scire facias quare executio non* is defined to be a writ issued out of the court wherein a judgment has been entered, reciting such judgment, suggesting the grounds requisite to entitle plaintiff to execution, and requiring the defendant to make known the reason, if any there be, why such execution should not issue. Bingham on Executions and Judgments, 123; Freeman on Executions, vol. 1, § 81.

"On the return day of the writ the sheriff either returns '*scire feci,*' that is, that he has warned the party, or '*nihil,*' that is, that the party has nothing by which he can warn him. When the sheriff returns '*nihil,*' the party must sue out a second or *alias* writ of *scire facias,* and if the sheriff returns '*nihil*' also to the second writ, and the defendant do not appear, there shall be judgment against him. [In other words, two returns of '*nihil*' are equivalent to one return of '*scire feci.*']" Bingham on Executions and Judgments, 124; *Andrews* v. *Harper,* 8 Mod. 227; *Chambers* v. *Carson,* 2 Whart. 9; *Choate* v. *The People,* 19 Illinois, 62; *Kearns* v. *The State,* 3 Blackford, 334; *Barrow* v. *Bailey,* 5 Florida, 9; *Cumming* v. *Eden,* 1 Cowen, 70.

And as the Supreme Court of the District of Columbia has, in the present case, recognized the regularity of the proceedings to revive the judgment against the appellant, no reason is seen why this court should take a different view. *Owens* v. *Henry,* 161 U. S. 642, is distinguishable from this case, because there the defendant had ceased to be a resident of Pennsylvania, where the original judgment had been entered, years before the writ of *scire facias* was sued out, and had become a citizen of Louisiana, in which State the statute of limitations had run.

It is urged on behalf of the appellant that as Wygant, the original owner of the judgment, had been declared a bankrupt, and as the judgment, as an asset of his estate, had become the property of the assignee in bankruptcy, it was not competent for Grace Wygant, as his executrix, to revive the judgment by proceeding in the Supreme Court of the District of Columbia. A sufficient answer to this is that Brown, as the judgment debtor, was not injured, and could not have

successfully set up that matter by plea to the *scire facias.*
*Thatcher* v. *Rockwell*, 105 U. S. 467, was a case where, after
suit brought, the plaintiff was adjudged to be a bankrupt, and
assignees were appointed, and it was held that the bankruptcy
of the plaintiff could not be set up by the defendants to bar
its further prosecution in his name, this court saying: "It is
no defence to the debt that the creditor has become a bank-
rupt; and if an assignee, after notice, permits a pending suit
to proceed in the name of the bankrupt for its recovery, he
is bound by any judgment that may be rendered. This is a
sufficient protection for the debtor."

In the present case, Leeds, the assignee in bankruptcy,
ratified the action of the executrix, by making himself a
party to the proceedings and procuring a decree compelling
her to transfer the judgment to him as an asset of the bank-
rupt's estate. By that feature of the decree Brown is pro-
tected from any danger of being compelled to pay twice.

If, then, the original judgment was regularly obtained, was
duly revived by lawful proceedings, and is now made payable,
by the decree of the court below, to the party legally entitled
to receive the same, no reason is presented by this record why
this court should disturb that decree. Equity refuses to re-
lieve from a judgment unless substantial merits are shown.

It is true that the appellant undertook to show that he had
a meritorious defence to. the suit as originally brought, by
certain allegations made in a petition to the Supreme Court
of the District of Columbia filed after the final decree had
been entered against him. We are not obliged to notice
allegations made at such a late period in the proceedings —
not made, indeed, till the controversy had been finally closed.
However, we have read this petition, and it is sufficient to
say that it contains nothing which, even if true and if made
to appear during the trial of the present case, would have
justified any change in the decree.

The decree of the Supreme Court of the District of Colum-
bia is

*Affirmed.*