KIRK v. UNITED STATES et al.

(Circuit Court of Appeals, Second Circuit. April 19, 1905.)

No. 142.

1. BAIL BONDS—DEFAULT—ACTIONS.

Where a defendant indicted for conspiracy to defraud the United States executed a bond conditioned that he would appear on a specified day, and from day to day and from term to term should the case be continued, and answer to such things as should be objected against him, etc., and on his failure to appear as required the bond was duly estreated, the United States thereby acquired a perfect cause of action against the surety enforceable in a proper forum after due notice.

2. SAME—FEDERAL COURTS—JURISDICTION—PROCESS.

Where a surety on a bail bond resided in another district from that in which the bond was filed, and remained in the district of his domicile, his personal liability on the bond could not be established in any other district than that where he resided.

3. SAME—SCIRE FACIAS—TWO RETURNS NIHIL—PERSONAL SERVICE.

Where the surety on a bail bond filed in a federal court sitting in Georgia continued openly to reside in New York during all the time proceedings were pending in Georgia on the bond, two returns nihil in Georgia to a writ of certiorari after forfeiture of the bond in the district in which the bond was filed were not equivalent to personal service, so as to authorize a personal judgment against such a surety.

Appeal from the Circuit Court of the United States for the Northern District of New York.

This is an appeal from a decree of the Circuit Court for the Northern District of New York, restraining the defendant Clinton D. MacDougall, as marshal, from selling the property of the complainant upon an execution for $40,000 and interest, issued on a judgment entered in the District Court of the United States for the Eastern Division of the Southern District of Georgia, on a forfeited bail bond, signed by the complainant as surety, and John F. Gaynor as principal. The facts appear in the opinion, delivered by Judge Ray on granting the preliminary injunction (C. C.) 124 Fed. 324, and by Judge Hazel at final hearing (C. C.) 131 Fed. 331.

See 130 Fed. 112, 64 C. C. A. 446.

Taylor L. Arms, Asst. U. S. Atty.

Abram J. Rose, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The bail bond signed by complainant was for the appearance of Gaynor to answer an indictment, found in the Eastern Division of the Southern District of Georgia, charging him and others with conspiracy to defraud the United States. The bond required Gaynor to appear in Georgia on the second Tuesday in February, 1902, "and from day to day and from term to term should the case be continued, and then and there to answer to such matters and things as have or shall be objected against

137 F.—48

him, and to stand to, abide, and perform the orders of the court, and not depart the said court without leave." Gaynor was ordered to appear in court on March 6 and also on March 17, 1902. He did not appear on either day, or on March 7th, to which day the proceedings, at the request of his counsel, were adjourned, and the bond was duly estreated. The United States thereupon acquired a perfect cause of action against the surety on the bond and nothing was thereafter required but to enforce the liability in the proper forum after due notice to the surety.

The course adopted was as follows: On March 17th a writ of scire facias was issued by the District Court for the Southern District of Georgia, directed to the marshal of that district "and to the Marshals of the United States." The writ was entitled "The United States v. John F. Gaynor, Principal, William B. Kirk, Surety," and, after reciting the facts, directed the defendants to show cause at a term of court held at Savannah on the second Tuesday of May, 1902, why $40,000 should not be levied against their property. The only personal service of this writ was made April 5, 1902, on the defendant Kirk at his home in Syracuse, N. Y., he having been for many years a resident of that city and a citizen of the state of New York. On April 2d and again on July 15th the Georgia marshal made return that the defendants could not be found within his district. On July 17th an alias writ of scire facias was issued returnable at Savannah on the second Tuesday of August, 1902, and a similar return "Not found" was made by the Georgia marshal. There is no proof that the alias writ was ever served personally on the defendant Kirk at Syracuse or anywhere else. On January 12, 1903, the orders of the court forfeiting the bond were made final and execution was directed to issue to the marshal for the Southern District of Georgia, to the marshal for the Northern District of New York and to the marshals of the United States. An execution, dated April 2, 1903, was issued to the marshal of the Northern District of New York. It is to prevent the sale of his property under this execution that the present action was instituted by Kirk.

The question to be determined is whether the property of the complainant situated in the state of New York, he being a citizen of that state and a resident of the city of Syracuse, can be taken on execution issued on a judgment of the District Court of Georgia entered without personal service of process within the jurisdiction of that court. The question may be still further simplified as follows: Were two returns nihil in the Georgia district equivalent to personal service? It is a fundamental rule of law that the property of a citizen of one state, situated within its boundaries, cannot be reached by process issued out of the courts of another state, where he has not been served in the latter state, or in any manner submitted to the jurisdiction of its courts. This is true of both state and federal tribunals. So long as such person remains in the district of his domicile he must be proceeded against there and his personal liability can be established in no other manner. The proceedings of a court of another state have no extra territorial

force and it acquires no right to proceed because its process has been served on such person in the state where he resides. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; G. & B. Machine Co. v. Radcliffe, 137 U. S. 287, 11 Sup. Ct. 92, 34 L. Ed. 670. We are cited to no authority holding that a different rule prevails where the proceeding is by scire facias, whether to revive or continue a former proceeding or in the nature of an original action.

Per contra, where the proceeding is in personam it seems to be clearly established that the writ, with certain exceptions, only one of which it is necessary to mention, must be served precisely as other writs are served. The legal fiction making two returns nihil, equivalent to personal service is applicable only to the jurisdiction of the forum. The reason for this apparently paradoxical rule may be readily conjectured. It would, for instance, in a case like the one in hand, prevent a surety residing in the Georgia district from frustrating the ends of justice by concealing himself or absconding. Upon what theory it can be invoked against the complainant it is difficult to understand. It would strain the rules of logic to the breaking point to hold that two returns stating that Kirk cannot be found in Georgia, where he has never been, can be regarded as service upon him there when, during the entire period in controversy, he has been openly and notoriously residing at Syracuse, N. Y., where he could be found at all times. If the surety had property in the Georgia district, or if he had deposited money with the clerk as security it is quite likely that his title could be divested by scire facias proceedings there, but when it is sought to make him personally liable and to sell his property in the Northern District of New York he must be proceeded against in that district. The Supreme Court, though upon different facts, has held the law to be as above stated. Owens v. Henry, 161 U. S. 642, 16 Sup. Ct. 693, 40 L. Ed. 837. The same principle was recognized in Brown v. Wygant & Leeds, 163 U. S. 618, 16 Sup. Ct. 1159, 41 L. Ed. 284. It may be that the giving of the bond in question was part of a deliberate scheme on the part of Gaynor to escape beyond the jurisdiction of the court; it may be that the liability of the complainant can be readily established and that he has no defense upon the merits, but with such considerations we are not concerned in the present action. In this country, and, indeed, in every civilized state, no man can be deprived of his property without due notice and opportunity to be heard and, after giving much consideration to the facts and law presented by this record, we are constrained to think that neither of these privileges has been accorded this complainant.

The decree is affirmed.