COLLIN COUNTY NAT. BANK OF McKINNEY, TEX., v. HUGHES.

(Circuit Court of Appeals, Eighth Circuit. July 10, 1907.)

No. 2,511.

1. APPEAL AND ERROR—DECISION—QUESTIONS PRESENTED BY RECORD.
   Legal issues other than the one specifically presented for determination may properly be considered and determined by an appellate court, where they naturally arise and are pertinent to the question at issue and to further proceedings in the trial court.

**2. COURTS—FEDERAL COURTS—JURSIDICTION TO ENFORCE JUDGMENTS.**

The jurisdiction of a national court over a controversy once lawfully acquired includes the power to enforce its judgment or decree, and this power may not be destroyed or restrained by the legislation or lack of legislation of the states.

**3. SAME—WRIT OF SCIRE FACIAS TO REVIVE A JUDGMENT.**

A Circuit Court of the United States has power to issue its writ of scire facias to revive its judgment and to prescribe a reasonable method of service thereof without the district where the judgment defendant has departed therefrom. Such power is derived from the Constitution and Rev.'St. § 716 [U. S. Comp. St. 1901, p. 580], and cannot be restrained, limited, or rendered less efficacious by the statutes of a state.

**4. SAME—MODE OF SERVICE.**

The conformity act (Rev. St. §§ 914, 915, 916 [U. S. Comp. St. 1901, p. 684]) empowers a Circuit Court to use a similar remedy to that provided by a state statute to enforce its judgments, but does not require it to follow the method prescribed by a state statute in serving a writ of scire facias to revive a judgment on a nonresident defendant if it deems such method insufficient.

[Ed. Note.—State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71, and Hill v. Hite, 29 C. C. A. 553.]

On Petition for Rehearing.

For former opinion, see 152 Fed. 414.

Clayton C. Dorsey and William V. Hodges, for the motion.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. Counsel for Hughes have made a motion for a rehearing of this case upon four grounds: (1) That what is said in the opinion with reference to the practice upon a writ of scire facias to revive a judgment is obiter dictum; (2) that the use of the writ of scire facias to revive a judgment is abolished in Colorado, except in the manner prescribed by the statutes of that state; (3) that the method of service of the writ is prescribed exclusively by the statute of Colorado, and that it may not be otherwise served by the direction of the federal court to revive a judgment of that court in that state; and (4) that the service of the writ personally outside of the district of Colorado will not be due process of law under the decision in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

1. What was said in the opinion upon the questions challenged was appropriate and logical in its relation to the decision of the actual issue presented, to wit, whether or not the order assailed in this case was a final order. While the specific legal issues other than the latter question were not expressly presented for adjudication, they naturally arose and were properly considered in view of the condition of the case and the necessity of proper action by the court below.

2. The jurisdiction of a national court over a controversy once lawfully acquired includes the power to enforce its judgment or decree, and this power may not be destroyed or restrained by the legislation or lack of legislation of the states, because it is granted by the Constitution and the acts of Congress, which are the supreme law of the land. Barber Asphalt Pav. Co. v. Morris, 66 C. C. A. 55, 59, 132 Fed. 945, 949. The writ of scire facias to revive a judgment

is founded upon the statute of 2 Westminster, c. 45, enacted in the thirteenth year of Edward I, or the year 1285. A scire facias to revive a judgment is a continuance of the original action, and is not a new action. The practice under the common law in case the writ of scire facias could not be served upon the defendant was to render judgment of fiat executio upon two returns of nihil. But Chief Justice Beasley in delivering the opinion of the Supreme Court of New Jersey in Elsasser v. Haines, 52 N. J. Law, 10, 18 Atl. 1095, 1098, said, and it is a rational statement, that there is no substantial difference between the judgment fiat executio and the judgment quod recuperet. So that it does not seem to be material to notice the form which the judgment in the case at bar may take under the scire facias issued. In the eighteenth volume of the Encyclopedia of Pleading and Practice, at page 1055, the statement is made that scire facias to revive a judgment is the usual method unless another is provided.

In 1789 the Congress granted to the Supreme Court and the Circuit and District Courts of the United States the power to issue writs of scire facias. Rev. St. § 716 [U. S. Comp. St. 1901, p. 580]. In 1822 in Delano v. Jopling, 1 Litt. (Ky.) 118, 120, the Court of Appeals of Kentucky held that a judgment rendered in the state of Virginia on a scire facias against special bail upon two returns of nihil was entitled to full faith and credit in the state of Kentucky, and sustained an action for judgment upon it. That court said:

"A scire facias is styled a judicial writ, viz., a writ for the purpose of effectuating what has already been decided, or, in case of bail, to compel the bail to perform that which he hath solemnly undertaken of record; and the reason why the bail is summoned at all is out of abundant caution and tender regard to his rights, for the purpose of allowing him to show some matter which may have arisen since his undertaking, and which may exonerate him. Hence he is summoned to answer matters of record, and the judgment rendered of record after his undertaking, against his principal, is conclusive against him. There is therefore no necessity of taking the same care to bring him into court, in order to subject him to his undertaking, as there is with regard to defendants in original actions, where the matters in controversy are entirely en pais, and have never been settled or ascertained by judicial determination."

In 1858, in Battey, Ex'r, v. Holbrook, 77 Mass. 212, the Supreme Judicial Court of that commonwealth decided that after judgment had been rendered against a defendant, and he had removed from the local jurisdiction of the court, the writ of scire facias might still issue, "for," said the court, "the suit is in fact still pending in court, its remedy yet incomplete, and to be enforced as and when new breaches occur."

In 1840 one Comstock recovered a judgment in the Circuit Court of the United States for the District of Rhode Island in an action of debt in which the defendant had been duly served with process. In 1859 a writ of scire facias was sued out upon that judgment in Rhode Island, and was served personally upon the defendant in the state of Massachusetts, to which state he had moved and in which he was then residing. In 1860 an action was brought upon this second judgment in one of the trial courts of Massachusetts, and the plaintiff re-

covered. Upon a writ of error the Supreme Judicial Court of Massachusetts affirmed the judgment. It said:

"The scire facias was not a new action, but a continuation of the old one. Wright v. Nutt, 1 T. R. 389. It was indeed necessary that notice thereof should be given to the defendant before judgment thereon could legally be rendered. But, as the law prescribed no form of notice to a defendant out of the district where the court was held, it was for the court to cause such notice to be given as should be reasonable and enable him to appear and defend his rights. The notice given to the defendant was actual, personal, and seasonable, and though it was not in any form which had been ordered by the court, and was not proved by a return of an officer of the court, as such officer, but by his affidavit, yet it was adopted by the court as sufficient; and the judgment thereafter rendered must be deemed valid, and this action thereon be sustained. The Circuit Court could not be ousted of its jurisdiction by the absence of the defendant from the district in which the action was pending." Comstock v. Holbrook, 82 Mass. 111, 113.

In this state of the law and the practice the territory of Colorado in the year 1861 enacted a statute to the effect that the common law of England and all acts and statutes of the British Parliament prior to the fourth year of James I, of a general nature and not local to that kingdom, should be the rule of decision and be considered in full force until repealed by legislative authority. 2 Mills' Ann. St. § 4184. There can be no doubt that, under the common law, the foregoing statutes and decisions, and the established practice, the Circuit Court of the United States had power to issue its writ of scire facias and to prescribe a reasonable method of service thereof without the district of the court where a defendant in a judgment had departed from its district. In 1877 the Legislature of Colorado provided that a judgment in a civil action might be revived by filing a petition, issuing an order to show cause and serving it on the defendant in the same manner as summonses were required to be served in civil actions. Mills' Ann. Code, §§ 241–244. The statutes of Colorado also provided that a summons in a civil action might be served by publication where the defendants were not residents. Mills' Ann. Code, § 41. At the time of the issue of this scire facias there was a rule of the court below in force in the district of Colorado, to the effect that:

"Writs of execution and other final process issued on judgments and decrees rendered in this court and the proceedings thereon had shall be the same, except their style, as are now or may be hereafter used in the highest court of original and general jurisdiction in this state."

But this rule is not controlling in the issue and service of writs of scire facias because they are not writs of execution or other final process, nor are they proceedings thereon had, and, even if the rule were applicable, it would still be within the power of the court below to vary its process and its manner of service by order so as to attain the ends of justice.

It will be perceived from the statutes and decisions which have been cited that the power to issue the writ of scire facias and to serve it in such manner as the court below deemed wise and reasonable was vested in that court prior to the Colorado act of 1877 and that no additional power was granted by that act.

In Elsasser v. Haines, 52 N. J. Law, 10, 18 Atl. 1095, Chief Justice

Beasley, in an exhaustive and learned opinion which he delivered in the year 1889 for the Supreme Court of New Jersey, expressed the opinion of that court that a judgment upon two returns of nihil upon a scire facias issued in the state of Pennsylvania upon a bail bond was according to the course of the common law and of the law of that state, and was conclusive in the state of New Jersey and the action upon it was sustained.

Counsel insist that this proceeding by scire facias cannot be sustained, and they cite in support of their view Humiston v. Smith, 21 Cal. 129, 135, Cameron v. Young, 6 How. Prac. (N. Y.) 372, Hughes v. Shreve, 60 Ky. 547, and De Baca v. Wilcox, 68 Pac. 922, 923, 11 N. M. 346, decisions which hold that the writ of scire facias to revive a judgment is abolished in these various jurisdictions by the provisions of their codes that there shall be one form of civil action. It is enough to say in answer to these opinions that they do not apply to suits or proceedings in the national courts, that this court has previously expressed a different opinion, and that its view has been sustained by the Supreme Court.  U. S. v. Insley, 54 Fed. 221, 223, 4 C. C. A. 296, 298; Insley v. U. S., 150 U. S. 512, 14 Sup. Ct. 158, 37 L. Ed. 1163.  The same conclusion was earlier adopted in England. 2 Coke's Inst. 472.  In Brown v. Wygant & Leeds, 163 U. S. 618. 16 Sup. Ct. 1159, 41 L. Ed. 284, the Supreme Court held that two returns of nihil constituted sufficient service upon a resident of a state.

There are decisions cited by counsel which determine other questions, but none have been brought to our attention which hold that a Circuit Court may not issue and direct the manner of service of a writ of scire facias upon its own judgment so as to warrant it in entering a judgment of revivor thereon.  In Owens v. Henry, 161 U. S. 642, 16 Sup. Ct. 693, 40 L. Ed. 837, however, the Supreme Court decided that a judgment upon two returns of nihil in the state of Pennsylvania upon a scire facias to revive a judgment of a court of that state would not sustain an action upon the revived judgment in the state of Louisiana when the original judgment had become barred by the statute of the latter state.  The court held that, if the scire facias was a new action, there was no sufficient service because the defendant was a resident of Louisiana at the time of the returns and had received no notice, and that, if it was a continuance of the original action, the effect of the judgment of revivor was to keep in force the local lien in the state of Pennsylvania, and that it did not have the effect to remove the bar of the statute of limitations in the state of Louisiana.  In Bickerdike v. Allen, 157 Ill. 95, 41 N. E. 740, 29 L. R. A. 782, may be found a decision that the service of a writ of scire facias issued upon a judgment in another state upon a resident of the state of Illinois by publication in the other state would not sustain an action upon the judgment of revivor rendered thereon in the state of Illinois under the doctrine of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.  And there is an opinion in Weaver v. Boggs, 38 Md. 255, that a judgment of revivor on two returns of nihil in the state of Pennsylvania will not sustain an action upon the judg-

ment of revivor in the state of Maryland after its statute of limitations has run.

A careful review and reconsideration of these authorities show that the common law, the practice under it, and the decisions of the courts that a judgment of revivor may be rendered in the jurisdiction in which the original judgment was recorded upon the issue of a writ of scire facias and its service in such manner as the court may direct upon the defendant who is without the territorial jurisdiction of the court in which the record remains, is undisputed. But there is a controversy among the authorities over the effect of such a judgment in the state of the residence of the defendant at the time the writ of scire facias is served upon him. That controversy is not presented, and will not be presented in this case, and hence it is unnecessary farther to consider it.

But counsel contend that the act of conformity compelled the Circuit Court to adhere to the method of service of the writ of scire facias prescribed by the statutes of Colorado. There are two answers to this contention. The first is that the power of the Circuit Court to issue and to serve its writ of scire facias was derived from the Constitution and the act of Congress, and that it cannot be restrained, limited, or made less efficacious by the statutes of the state. The second is that the act of conformity does not require the Circuit Court to follow the method of service of its writ prescribed by the act of Colorado of 1877. Three sections of the conformity act are discussed by counsel. Section 914, Rev. St. [U. S. Comp. St. 1901, p. 684] is mandatory: It declares that the practice, pleadings, and forms and modes of proceeding in civil causes other than equity and admiralty cases shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing in like causes in the state courts. It has no application to this case because it relates exclusively to proceedings before judgment. It may not be futile to notice the fact, however, that this is the most peremptory section of this act, and that nevertheless the Supreme Court and this court have held that strict conformity to the practice and proceedings in the state courts is impracticable, and that this section does not require the courts of the United States to adopt any rule of pleading, practice, or procedure enacted by state statute or announced by the decision of a state court which would restrict their jurisdiction or unwisely encumber the administration of justice in their tribunals. O'Connell v. Reed, 5 C. C. A. 586, 592, 56 Fed. 531, 536; Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602. Thus it has been held that a variance from the state practice in (1) the signature of the summons (Martin v. Criscuola, 10 Blatch. 211, Fed. Cas. No. 9,159; Dwight v. Merritt [C. C.] 4 Fed. 614); (2) its service by a private party (Schwabacker v. Reilly, 2 Dill. 127, Fed. Cas. No. 12,501); (3) the time and form and character of the charge to the jury (Railway Co. v. Horst, 93 U. S. 291, 300, 23 L. Ed. 898; Association v. Barry, 131 U. S. 100, 120, 9 Sup. Ct. 755, 33 L. Ed. 60); (4) the motions for new trials (Missouri Pac. Ry. Co. v. Chicago & A. Ry. Co., 132 U. S. 191, 10 Sup. Ct. 65, 33 L. Ed. 309); (5) the effect of

a special appearance (Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942); (6) the method of reviewing judgment; and (7) the time within which an answer should be made after service of the summons, and variances in many other respects, constitute no violation of this peremptory section.

Section 915 provides that in common-law cases in the Circuit and District Courts the plaintiff shall be entitled to similar provisional remedies as those provided by the laws of the state in which the courts are held, and that the Circuit and District Courts may by general rules adopt state laws with reference thereto. Section 916 provides that the party recovering a judgment in any common-law cause in the Circuit or District Court shall be entitled to similar remedies on the same by execution or otherwise to reach the property of the judgment debtor to those that are provided in like causes by the laws of the state in which such court is held, or by any such laws as are thereafter enacted which may be adopted by general rules of such Circuit or District Court, and that such courts may from time to time by general rules adopt such state laws as may thereafter be in force in such state. It will be noticed that these sections do not limit the power of the court to determine how its process shall be served after judgment, but only provide that the parties shall be entitled to similar remedies to those provided in like cases by the laws of the state. The Supreme Court has held that only those statutes in force at the time of the passage of this act, to wit, June 1, 1872, were adopted thereby, and that all subsequent statutes, must be adopted by general rules of the Circuit Courts or they are not in force. Lamaster v. Keeler, 123 U. S. 376, 391, 8 Sup. Ct. 197, 31 L. Ed. 238. This court has held, however, that, in the absence of the proof of any general rule, a general practice may become a rule, and that, when the general practice is to use the remedies provided by the state statutes, the appellate court will presume, in the absence of proof, that these have been adopted by a general practice or a general rule. Logan v. Goodwin, 109 Fed. 490, 495, 43 C. C. A. 658, 663; Citizens' Bank v. Farwell, 56 Fed. 570, 574, 6 C. C. A. 24, 28. It may therefore be assumed in the words of section 916 that a party recovering a judgment in the Circuit Court is "entitled to similar remedies upon the same by execution or otherwise" to those which have been provided by the statutes of Colorado. Now, the statutes of Colorado provide a remedy for the revivor of a judgment by scire facias and prescribe the method of the service of the writ of scire facias. The plaintiff, therefore, might have availed himself of this method of service if it was sufficient. If, however, it was, in the opinion of the Circuit Court, insufficient, that court had the power under the common law and under this statute to adopt and use similar remedies by directing the service to be made in such way as in its opinion would give to the defendant reasonable notice that the suit in which the judgment had been rendered would be continued, and that the judgment would be revived in accordance with the practice at common law under the decisions in Kentucky, Massachusetts, and New Jersey, which portray it. In other words, before, and in the absence of, the Colorado statute of 1877,

the United States courts had the power to issue the writ of scire facias and to cause it to be served according to the practice at common law by a personal service of the writ upon the defendant without the territorial jurisdiction of the court in which the record was found and upon such service it had the right to enter its judgment. When the Colorado statute was enacted, it had the option to adopt the specific method of service prescribed by that statute, or to refuse to adopt it. The greater includes the less, and hence it had the right to prescribe the method of service of its writ and to use a similar remedy by such service as it thought proper both under the common law and under the act of conformity. The latter act did not deprive the court below of the right or the power to cause the service of its writ upon two returns of nihil and by such personal service as it deemed necessary to give proper notice to the defendant.

3. Counsel argue that the service of the writ of scire facias upon the defendant personally without the jurisdiction will not sustain the revived judgment under the rule in Pennoyer v. Neff. No decision of any court has been called to our attention to the effect that such service will not sustain a revived judgment in the jurisdiction in which the record of the original judgment is found. The Massachusetts and New Jersey cases hold that it will sustain such judgments both in that and in other jurisdictions. There are decisions that the statute of limitations bars a proceeding of scire facias to revive a judgment within the same time that it bars an action for the same purpose (Lafayette County v. Wonderly, 92 Fed. 313, 34 C. C. A. 360; Wrightman v. Boone County, 88 Fed. 435, 31 C. C. A. 570), and that an exemption by state statute of a homestead from execution exempts it from execution under section 916, Rev. St. (Fink v. O'Neil, 106 U. S. 272, 1 Sup. Ct. 325, 27 L. Ed. 196). In Kirk v. U. S. (C. C.) 124 Fed. 324, 335, Kirk v. U. S. (C. C.) 131 Fed. 331, Kirk v. U. S., 137 Fed. 753, 70 C. C. A. 187, there was a holding that an action could not be maintained in the state of New York upon a judgment upon a bail bond based upon a service of a writ of scire facias without the district of the record of the bail bond. But a scire facias upon a bail bond is the commencement of a new action, while a scire facias upon a judgment is a continuance of an old action. Moreover, in the Kirk Cases it is evident that the established practice to serve writs of scire facias beyond the jurisdiction of the record and to enter judgments thereon and the decisions in Kentucky, Massachusetts, and New Jersey which portray this practice were not called to the attention of the courts; for the Court of Appeals said that it was cited to no authority holding to the contrary of its conclusion where the proceeding was by scire facias to revive or continue a former proceeding in the nature of an original action. Kirk v. U. S., 137 Fed. 755, 70 C. C. A. 187.

The conclusion of the whole matter is:

(1) The common law and the statute of 2 Westminster were in force in Colorado from 1861, save as otherwise provided by statute.

(2) The Circuit Court of the United States had the power to issue the writ of scire facias to revive a judgment according to the course of the common law under Rev. St., § 716, in the absence of any special statute of the state of Colorado upon the subject.

(3) The statute of Colorado of 1877 granted to that court no new right or remedy, but was cumulative and simply gave to it an additional remedy to one which already existed.

(4) The conformity act (sections 914, 915, 916, Rev. St.) empowered the Circuit Court to use a similar remedy to that provided by the state statute. The Circuit Court of the United States under the common law and the practice thereunder and the statutes to which reference has been made had the jurisdiction to issue a writ of scire facias to revive the judgment in question and to cause it to be served personally without the district upon the defendant in the record within the district.

(5) The effect of the judgment rendered upon this service in the jurisdiction of the present residence of the defendant is left undetermined, and the motion for the rehearing is denied.