# MARIA LEONOR SANTIAGO Y MUÑOZ ET AL.

## *v.*

# MIGUEL ROSES Y ARTUA ET AL.

---

San Juan, Equity, No. 937.

### SERVICE BY ONE OTHER THAN MARSHAL.

Equity Practice—Service of Subpœna.

 1. The rule as to service of subpœnas is the same under equity rule 15 as it has been heretofore, and does not affect the procedure prescribed in § 787 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 608 as to service of process by the marshal.

Same—Exceptions.

 2. The court will designate some other person than the marshal to serve process, where the marshal himself is a party; and it has been held that in special cases the court may have witnesses subpœnaed under the direction of the court; but the matter of expense is not one calling for such special order.

Opinion filed May 14, 1913.

---

*Mr. H. G. Molina* for complainant.

*Mr. M. Travieso, Jr.,* for defendants.

Santiago y Muñoz v. Roses y Artua.

HAMILTON, Judge, delivered the following opinion:

This comes up on a motion by complainants to have sub-pœnas for defendants served by a person other than the marshal, on the ground of the expense involved should the marshal act, and is predicated on rule 15 of the courts of equity recently promulgated by the Supreme Court of the United States. This particular rule, however, is the same as has been heretofore prevailing.

The general rule is that prescribed in § 787 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 608, directing the marshal to serve all process directed by him. It has been held that the marshal is an executive officer of the court, and is to serve process in court proceedings. Schwabacker v. Reilly, 2 Dill, 127, Fed Cas. No. 12,501.

There seems to be two exceptions to this rule: The first is when the marshal himself is a party to the suit. In that case the court will designate some other person to serve process on the marshal himself. Simkins, Fed. Eq. Suit, 2d ed. p. 309. The other exception, based on state practice, is that in some cases witnesses may be subpœnaed by others than the marshal, under the direction of the court. See 4 Fed. Stat. Anno. p. 159.

Nothing is shown in this case to take the proceeding out of the general rule as to service by the marshal, and the motion is therefore denied.