## GRISCHY v. GALVIN.

### (District Court, S. D. Ohio, W. D.   December 20, 1921.)

### No. 2997.

Courts ⬤➡347—Conformity statute held not to invalidate rule of federal court.

> The conformity statute, Rev. St. § 914 (Comp. St. § 1537), requiring the federal courts to conform "as near as may be" to the state practice in actions at law, does not require exact conformity in all respects, and is to be read in the light of section 918 (Comp. St. § 1544), which authorizes the District Courts to make rules to regulate their own practice, and a rule of a District Court requiring every answer to admit or deny specifically each material allegation of the petition, is valid and enforceable, though the state statute permits a general denial.

At Law.   Action by Oscar P. Grischy against John Galvin, administrator.   On motion to strike off answer.   Granted.

Elmer W. Grischy, George Dornette, and Howard N. Ragland, all of Cincinnati, Ohio, for plaintiff.

Frank H. Kunkel and Maurice L. Galvin, both of Cincinnati, Ohio, for defendant.

PECK, District Judge.   On motion to strike answer from the files. The ground of the motion is that the answer does not comply with paragraph 5 of rule 8 of this court, promulgated November 16, 1901, requiring every answer at law to admit or deny specifically each material allegation of the petition.   The action is for attorney's fees for services alleged to have been rendered defendant's decedent, and comprises a very long list of items.   The answer admits the jurisdictional averments, the appointment of the defendant as administrator, and the presentation of the claim, and, "further answering, defendant denies each and every allegation in said petition contained, not herein specifically admitted to be true."

The validity of the rule is challenged on the ground that section 914, Revised Statutes (17 Stat. 197, Act June 1, 1872 [U. S. Comp. Stat. 1916, § 1537]), known as the Conformity Act, provides that the practice, pleadings, forms, and modes of proceeding in civil causes other than admiralty and equity causes in the District Court shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing in the courts of record of the state, any rule of court to the contrary notwithstanding.   Section 11314 of the General Code of Ohio states that the answer shall contain "a general or specific denial of each material allegation of the petition controverted by the defendant."   But section 918, Revised Statutes (U. S. Comp. Stat. 1916, § 1544), provides that District Courts are vested with power to—

"make rules * * * directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

It is well settled that section 914 is to be read in the light of section 918. In Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898, in ruling that a state statute, requiring the jury to answer special interrogatories in addition to their general verdict, was not binding upon the federal court, the Supreme Court said of section 914:

"The conformity is required to be 'as near as may be'—not as near as may be possible, or as near as may be practicable. This indefiniteness may have been suggested by a purpose: It devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such state statutes which, in their judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice, in their tribunals."

In the case of Shepard v. Adams, 168 U. S. at page 625, 18 Sup. Ct. 214, 42 L. Ed. 602, in the opinion of the court by Mr. Justice Shiras, it is said:

"We think it is sufficiently made to appear, by these citations from the statutes, that while it was the purpose of Congress to bring about a general uniformity in federal and state proceedings in civil cases, and to confer upon suitors in courts of the United States the advantage of remedies provided by state legislation, yet that it was also the intention to reach such uniformity often largely through the discretion of the federal courts, exercised in the form of general rules, adopted from time to time, and so regulating their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

See, also, Boston & Maine R. R. v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002.

While the general framework of the Ohio Code is no doubt, by section 914, Revised Statutes, the law of pleading of this court, it is also true that details going to form may be regulated by rule here for the advancement of justice and prevention of delays.

In Hein v. Westinghouse Air Brake Co., 164 Fed. 79, the question was whether the District Court had power to change the rules of pleading required by state practice as to the form of the replication, and in answering in the affirmative Judge Sanborn said (164 Fed. 83):

"Section 914, then, is not mandatory in the sense of adopting every subordinate rule of the state practice. That practice as a whole is adopted; but the court may reject some subordinate rule, and exercise some degree of discretion in declining to conform absolutely and entirely to the state practice."

See, also, Collin County Bank v. Hughes, 155 Fed. 394, 83 C. C. A. 661, for a partial catalogue of matters of state procedure as to which the Conformity Act has been held not binding in the federal courts. They include signature of summons, service, the time, form, and character of the charge to the jury, motions for new trials, effect of special appearance, method of service, and time for filing answer.

The rule here in question does not substantially alter the method of pleading authorized by the Code. It was intended to prevent the confusion which results from a commingling of admissions, qualified admissions, explanatory averments, and a general denial (Bakas v. Casparis Stone Co., 14 Ohio N. P. [N. S.] 577, 581), and to require of the defendant a specific answer, under oath, to each of the allegations to be met. That the rule is one convenient for the advance-

ment of justice and the prevention of delays seems to be thoroughly demonstrated by the fact that it is substantially the same as the provision found in equity rule 30 (201 Fed. v, 118 C. C. A. v), to the effect that the defendant in his answer shall, in short and simple terms, set out his defense to each claim asserted by the bill, omitting any mere statements of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial.

It is therefore concluded that the rule here challenged is one which the court had power to make. The answer does not comply with its requirements, and must accordingly be stricken from the files.